Ellen L. Darling (#149627)
Samantha K. Feld (#222612)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Attorneys for Defendant
PLAYTEX PRODUCTS, INC.

FILED
07 NOV -7 PM 2:28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID PAZ, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

PLAYTEX PRODUCTS, INC., a Delaware Corporation, and Does 1 through 100, inclusive

Defendants.

CASE NO.: '07 CV 2133 JM (BLM)

Originally filed in the Superior Court for the State of California, County of San Diego Case No.: 37-2007-00075921-CU-BT-CTL

**DEFENDANT PLAYTEX PRODUCTS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.S. §1441(B) (Diversity)**

DATE OF FILING: SEPTEMBER 28, 2007
TRIAL DATE: NONE

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§1332, 1441, 1446 and 1453, Defendant Playtex Products, Inc. ("Playtex") removes this civil action from the San Diego County Superior Court to the United States District Court for the Southern District of California. This Court has original subject matter jurisdiction over this action because Plaintiff David Paz ("Plaintiff") seeks to establish a class action involving a foreign corporation and the amount in controversy exceeds $5,000,000, exclusive of costs and interest. In support of its Notice of Removal, Playtex states:

ORIGINAL

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1. On September 28 2007, a class action lawsuit was commenced in the San Diego County Superior Court entitled, David Paz, an individual and on behalf of all others similarly situated v. Playtex Products, Inc., a Delaware Corporation and Does 1 through 100, inclusive, Case Number 37-2007-00075921-CU-BT-CTL.

2. Playtex was served with a copy of the Summons and Complaint on October 9, 2007. A copy of the Summons and Complaint are attached as Exhibit 1.

**Federal Jurisdiction Exists Under the Class Action Fairness Act of 2005**

3. The Court has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. §§ 1332(d) & 1453) ("CAFA") because: (1) it is a proposed class action and the proposed class has at least 100 members in the aggregate;[1] (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (3) all of the members of the putative class are citizens of California; and (4) the named Defendant is a citizen of, and has as its principal place of business, the state of Connecticut. None of the requirements for either discretionary or mandatory declination of jurisdiction are present, and this case may be removed to this Court under CAFA. *See* 28 U.S.C. §§ 1332(d)(2-6) & 1441(b).

4. Playtex is informed and believes that Plaintiff, and the Class Members that Plaintiff purports to represent, were, and still are, citizens of the State of California. *See* Complaint at ¶¶4, 17.

5. Playtex is a Delaware corporation with its principal place of business located in the State of Connecticut. *See* Declaration of William Stammer ¶2,

[1] Plaintiff pled in the Complaint that the "Class is so numerous." *See*, Complaint at ¶18. Plaintiff has not pled that the class is less than 100 members. Playtex contends that this action is not proper and that it should not be certified as a class action. Notwithstanding, to the extent this Court certifies this action as a class action, it is more likely than not that the purported class will consist of at least 100 members based upon Playtex's sales data for the subject spill proof cups set forth herein and on the fact that Plaintiff specifically pleads that consumers are being "victimize[ed] each and every day." *See*, Complaint at ¶14.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

attached as Exhibit 2. Therefore, at least one member of the putative class is a citizen of a state different from the named defendant, Playtex.

6. The Complaint identifies no other named defendants and Doe defendants "shall be disregarded" for removal purposes. *See* 28 U.S.C. §1441(a).

7. According to the Complaint, Plaintiff intentionally pled around CAFA to remain in State Court. In particular, Plaintiff pled that the amount in controversy does not exceed "$4,999,000." *See*, Complaint at ¶16. Playtex contends that neither Plaintiff, nor any class member that Plaintiff purports to represent, is entitled to any amount of damages from Playtex. Notwithstanding, and based on the allegations contained in Plaintiff's Complaint, the amount in controversy exceeds $5,000,000 and, therefore, this action should be removed to Federal Court pursuant to 28 U.S.C.S. §1441(b).

8. First, Plaintiff's attorney, John H. Donboli, recently attempted to plead around CAFA in a similar class action lawsuit filed in the San Diego Superior Court against BIC USA, Inc. *See*, *Levine v. BIC, USA, Inc.* (August 2007) 2007 U.S. DIST. LEXIS 60952, attached as Exhibit 3. That action involved BIC lighters allegedly valued at $1.39 that were sold in California with the purportedly false "Made in U.S.A." language on them. The plaintiff in *Levine* expressly pled that the amount in controversy was for an amount less than CAFA's jurisdictional minimum. *Id.* at *2, 5. BIC removed the action to the United States District Court for the Southern District of California, and in support thereof, BIC submitted a declaration attesting to the sales and profits of the lighters at issue during the relevant time period, which established that BIC received in excess of $5,000,000 in revenues from those sales. *Id.* at *5, 19. Based on the complaint and the declaration submitted by BIC, the District Court upheld removal on the grounds that it was "more likely than not" that the amount in controversy exceeded $5,000,000. *Id.* at *18.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

9. Here, like in *Levine*, "it is more likely than not" that the amount in controversy exceeds $5,000,000. According to the Complaint, Plaintiff seeks to disgorge Playtex of the profits it received from the sale of the spill proof cups at issue in this case. According to the Complaint, Plaintiff alleges that the average retail sales price for the subject spill proof cups in California is $6.99. *See*, Complaint at page 4, lines 17-18; ¶16. Plaintiff seeks restitution for himself and each class member that he purports to represent. *See*, Complaint at page 12, line 13; ¶46. Playtex contends that neither Plaintiff nor any class member that Plaintiff purports to represent is entitled to disgorgement of profits, restitution, or any other equitable or legal remedy in this case. Notwithstanding, the value of disgorged profits and restitution may be included in the amount in controversy. *See Asbury-Casto v. Glaxosmithkline, Inc.* (ND W. VA 2005) 352 F. Supp. 2d 729, 733 (holding that jurisdictional amount was satisfied by restitution and disgorgement remedies sought and overall pecuniary loss to the corporation.) Here, between approximately November 2006 and October 2007, Playtex sold approximately 1,300,000 spill proof cups in California with some form of a "Made in U.S.A." label. *See*, Declaration of Brenda Liistro ¶2, attached as Exhibit 4. Playtex does not control the retail sales price of these cups in California, and the price varies among different sellers. *Id.* Based on Plaintiff's allegation in the Complaint concerning the average retail price of the cups, and Playtex's sales figures described above, the retail sales of those cups in California for the 12 month period described above well exceeds $5,000,000. *Id.* Indeed, taking the average retail price alleged by Plaintiff ($6.99), and multiplying that amount by the number of spill proof cups sold in California within the 12 month period described above (1,300,000), equals a claimed amount in controversy of approximately $9,087,000 for just the 12 month period described above, which clearly exceeds CAFA's jurisdictional minimum for removal jurisdiction.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

10. Plaintiff also seeks injunctive relief. *See* Complaint at ¶30. "In determining the amount in controversy, courts may include the value of the request for injunctive relief." *Int'l Padi, Inc. v. Diverlink* (9th. Cir. 2005) 2005 U.S. App. LEXIS 14234, *3. Here, Plaintiff seeks to enjoin Playtex from marketing its spill-proof cups with the term "Made in U.S.A." on the packaging. Playtex contends that neither Plaintiff, nor any class member that Plaintiff purports to represent, is entitled to any type of injunctive relief in this case. Notwithstanding, if Plaintiff's request for injunctive relief is granted, Playtex would be required to remove all of the subject spill-proof cups from the market place, and re-package and re-distribute each of those cups with the allegedly "correct" labeling. As a result, Playtex will incur considerable costs and expenses associated with this injunction, which can and should be considered in the total amount in controversy.

11. As pled by Plaintiff, the amount in controversy is "ongoing" and "continuing," and consumers are allegedly being "victimiz[ed] each and every day." *See*, Complaint at ¶¶14, 37. Playtex contends that neither Plaintiff, the class members that Plaintiff purports to represent, nor any other consumer have been injured or damaged in any way in this lawsuit. Notwithstanding, claimed damages that are ongoing and that continue to accrue are included in the amount in controversy and weigh in favor of removal. *See*, *Hardy v. Corina* (USDC ED LA 2000) 2000 U.S. Dist. LEXIS 7940, *3 (holding that the number of claims, the nature of those claims, and the allegations that plaintiff continued to suffer damages into the future all weighed in favor of removal.) Here, the term "consumers" can reasonably be interpreted to mean that at least two consumers have allegedly been injured every single day during the relevant time period ("2007"), and that at least two "consumers" allegedly continue to be injured every single day as this action continues. *See*, Complaint at ¶¶14, 15. Clearly, Plaintiff's alleged "continuing" and "ongoing" damages to multiple consumers on a daily basis demonstrate that the claimed amount in controversy is far greater than Plaintiff has chosen to allege in

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

his Complaint. *See, Levine, supra* at *13 (recognizing the well-established principle that plaintiff is the master of his complaint and can plead to avoid federal jurisdiction.")

12. Finally, Plaintiff seeks to recover punitive damages and attorneys' fees which may be included in the amount in controversy. *See Cable v. Merit Life Ins. Co.,* (ED CA 2006) 2006 U.S. Dist. LEXIS 51084, *6 (holding that the amount in controversy includes punitive damages); *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)* (D. Del. 2006) 2006 U.S. Dist. LEXIS 43294, *690 (holding that attorneys' fees are included in the aggregate amount under CAFA.)

13. Based on the foregoing, it is facially apparent from Plaintiff's Complaint that at least $5,000,000 in claimed damages is in controversy in the aggregate. Accordingly, the requirements of 28 U.S.C.S. §1332(d)(2) have been satisfied for removal. *See Yeroushalmi v. Blockbuster Inc.* (CD CA 2005) 2005 U.S. Dist. Lexis 39331 (finding federal court must err on side of finding federal jurisdiction and determining that amount in controversy requirement was met, despite allegation to the contrary, by factoring in basic evidence available, actual damages, injunctive relief, potential punitive damages and attorneys fees.)

///

///

///

///

///

///

///

///

///

///

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

14. Accordingly, because there is complete diversity of citizenship between the parties, and Plaintiff's claimed amount in controversy exceeds $5,000,000, this putative class action lawsuit is removable under 28 U.S.C.S. §1441(b).

Dated: November 7, 2006

SNELL & WILMER L.L.P.

By: [signature]

Ellen L. Darling
Samantha K. Feld
Attorneys for Defendant
Playtex Products, Inc.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

10/9/07 @ 3PM

FILED
CIVIL BUSINESS OFFICE 14
CENTRAL DIVISION

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

07 SEP 28 PM 3:39

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):*** PLAYTEX PRODUCTS, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DAVID PAZ, an individual and on behalf of all others similarly situated,

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court - Hall of Justice
330 W. Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 37-2007-00075921-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John H. Donboli, Esq.
DEL MAR LAW GROUP, LLP
322 8th Street, Ste. 101, Del Mar, CA 92014; 858.793.6244

DATE: September 28, 2007 SEP 2 8 2007
*(Fecha)*

Clerk, by *(Secretario)* C. Selinsky, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:

under:
- ☑ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

JOHN H. DONBOLI (SBN: 205218)
JL SEAN SLATTERY (SBN: 210965)
DEL MAR LAW GROUP, LLP
322 Eighth Street, Suite 101
Del Mar, CA 92014
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

FILED
CIVIL BUSINESS OFFICE 14
CENTRAL DIVISION

07 SEP 28 PM 3:39

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Plaintiff: DAVID PAZ, an individual and on behalf of all others similarly situated

SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

DAVID PAZ, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

PLAYTEX PRODUCTS, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,

Defendants.

CASE NO 37-2007-00075921-CU-BT-CTL

**CLASS ACTION**

**COMPLAINT FOR:**

(1) VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CIVIL CODE SECTION 1750 ET SEQ.); AND

(2) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ.* (CALIFORNIA UNFAIR COMPETITION LAW)

(3) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17533.7 (FALSE "Made in U.S.A." CLAIM).

**DEMAND FOR JURY TRIAL**

COMES NOW, plaintiff DAVID PAZ ("Plaintiff"), as an individual and on behalf of the general public, by his undersigned attorneys, allege as follows:

**NATURE OF THE CASE**

1. This is a class action case brought on behalf of all purchasers of spill-proof cups manufactured, distributed, marketed, advertised and/or sold by PLAYTEX PRODUCTS, INC. ("Playtex") sold in California with the printed label that the cups are "Made in U.S.A." Through a fraudulent, unlawful, deceptive and unfair course of conduct, Playtex, and DOES 1 through 100 (collectively "Defendants"), manufactured, marketed, advertised, and/or sold a variety of spill-proof cups to the general pubic with the false designation and representation that Playtex's spill-proof cups were "Made in U.S.A.," which is a claim that is printed directly on the product packaging. Despite true facts to the contrary, the Playtex spill-proof cups are entirely or substantially made, manufactured or produced outside of the United States and/or utilize foreign made components in violation of California law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter in that Defendants routinely transact business in San Diego County.

3. Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5, Business & Professions Code §§ 17203, 17204, and Civil Code § 1780(c) because Defendants do business and Plaintiff's transactions took place in San Diego County.

**PARTIES**

4. Plaintiff is an individual residing in San Diego, California.

5. Defendant Playtex is a corporation that is organized and exists under the laws of the State of Delaware. Playtex's principal place of business is located at 300 Nyala Farms Rd. Westport, CT 06880. Playtex may be served with process in this matter by serving its registered agent for service of process in California, which is CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

6. Playtex is a leading manufacturer and distributor of spill-proof cups in the United States. Playtex maintains the following website: http://www.playtexproductsinc.com.

7. Plaintiff is ignorant of the true names and capacities of the defendants sued

herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitious named defendants are legally responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs complained herein by providing financial support, advice, resources or other assistance. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed and believes that all Defendants were agents, servants and employees of their co-defendants, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. Defendants manufacture and market spill-proof cups that have printed on the product itself and the product packaging that the Playtex spill-proof cups are "Made in U.S.A."

11. Despite true facts to the contrary, the Playtex spill-proof cups are entirely or substantially made, manufactured or produced outside of the United States. The Playtex spill-proof cups contain various part(s) manufactured outside of the United States.

12. Defendants advertised, and continue to advertise, and represent to the general public that the Playtex spill-proof cups are "Made in U.S.A." In addition, Defendants fraudulently concealed the material facts at issue herein by failing to disclose to the general pubic the true facts regarding the country of origin designation appearing on the Playtex spill-proof cups and packaging. The disclosure of this information was necessary in order to make Defendants' representation not misleading for want of disclosure of these omitted facts. Defendants possess superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

13. Consumers and users of these products are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess very limited knowledge of the

likelihood that products claimed to be made in the United States are in fact made in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs. Plaintiff David Paz relied upon the "Made in U.S.A." representation in purchasing Defendants' spill proof cups. On information and belief, Class Members similarly relied upon Defendants' "Made in U.S.A." representation in purchasing Defendants' spill proof cups.

14. Some consumers believe that "Made in U.S.A." products are higher quality than their foreign-manufactured counterparts. Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendants' products at premium prices. California laws are designed to protect consumers from this type of false advertising and predatory conduct. Defendants' scheme to defraud consumers is ongoing and will victimize consumers each and every day until altered by judicial intervention.

15. Plaintiff purchased several Playtex spill-proof cups in San Diego, California in 2007. In each case, the product itself was marked with "Made in U.S.A." and Plaintiff actually relied upon the "Made in U.S.A." statement in making his purchasing decision.

16. The amount in controversy as to Plaintiff (individually) or any other individual Class Member does not exceed the value of the spill proof cups, which has an average retail price of approximately $6.99. Plaintiff purchased two spill proof cups; as such, the amount in controversy as between Plaintiff and Defendants as to Plaintiff's *individual* claims does not exceed $13.98. The amount in controversy as to all Class Members, inclusive of attorneys' fees and costs, injunctive relief (to the extent it can be valued), prejudgment interest, and punitive damages does not exceed $4,999,000.

**CLASS ALLEGATIONS**

17. Plaintiff brings this action on behalf of himself as an individual and on behalf of all other persons similarly situated in the State of California who purchased Defendants' spill proof cup products. Specifically, excluded from the class is any persons who have a controlling interest in Playtex, any of Playtex's parent companies, subsidiaries, and Playtex's officers,

directors, managers, shareholders and members of their immediate families; and their heirs, successors and assigns (the "Class") pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200 *et seq.*

18. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. On information and belief, the exact number and identities of the members of the Class are readily ascertainable from the records in Defendants' possession.

19. There is a well-defined community of interest in the questions of law and fact involved in this case.

20. All causes of action herein have been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a. Numerosity: On information and belief, the Class is so numerous that the individual joinder of all members would be impracticable.

b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Class, and those questions clearly predominate over any questions that might affect members individually. These common questions of law and fact include, for example, whether Defendants violated Section 17533.7 of the California Business & Professions Code by misrepresenting the national origin or parts of these products and whether Defendants' actions in this regard constitute an unfair, unlawful, or fraudulent business practice pursuant to Section 17200 et seq. of the California Business & Professions Code.

c. Typicality: On information and belief, plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class sustained damages arising out of Defendants' common course of conduct complained herein.

d. Adequacy: Plaintiff will fairly and adequately protect the interest of the members of the Class because Plaintiff has no interests which are adverse to the interests of

absent class members and because Plaintiff has retained counsel who possesses significant litigation experience regarding alleged violations of consumer statutes.

e. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since most class members' individual claims for damages are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized and the potential for inconsistent or contradictory judgments will be avoided.

**FIRST CAUSE OF ACTION**

**(Violation of Consumers Legal Remedies Act As Against All Defendants)**

21. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 20, inclusive, of this complaint as though fully set forth herein.

22. California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating The Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> [C]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

23. Defendants' products constituted "goods" as defined in Civil Code Section

1761(a).

24. Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code Section 1761(d).

25. Each of Plaintiff's purchases of Defendants' products constituted a "transaction" as defined in Civil Code Section 1761(e).

26. Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: Using deceptive representations or designations of geographic origin in connection with goods or services....Advertising good or services with intent not to sell them as advertised."

27. Defendants violated Civil Code Section 1770(a)(4) and (9) by advertising and representing that its products are "Made in U.S.A." when they actually contain a significant amount of parts that are manufactured outside of the United States.

28. It is alleged on information and belief that Defendants' violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

29. Plaintiff provided the requisite 30-day notice to Playtex on July 24, 2007 by sending a detail correspondence via Federal Express to Neil P. DeFeo, the Chairman of the Board, President & Chief Executive Officer of Playtex, which was received by Playtex on Jul 25, 2007 9:50 AM as per the Federal Express website; as such, Plaintiff seeks actual and monetary damages in this litigation pursuant to Civil Code § 1780.

30. As a direct and proximate result of Defendants' violations of the Consumers Legal Remedies Act, Plaintiff and Class members are entitled to: (a) actual damages according to proof at time of trial; (b) a declaration that Defendants violated the Consumers Legal

Remedies Act, (c) an injunction preventing Defendants' unlawful actions, and (d) an award of punitive damages pursuant to § 1780(a)(4).

**SECOND CAUSE OF ACTION**

**(Violation of Business & Prof. Code Section 17200 *Et Seq.* As Against All Defendants)**

31. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs1 through 30, inclusive, of this complaint as though fully set forth herein.

32. Business & Professions Code section 17200 *et seq.* provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

33. By and through their conduct, including the conduct detailed above, Defendants engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code section 17200 *et seq.* Beginning at an exact date unknown as yet and continuing up through the present Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code section 17200 *et seq.*, by manufacturing, distributing, marketing, and advertising products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A."

34. Beginning at an exact date unknown as yet and continuing up through the present, Defendants have committed acts of unfair competition that are prohibited by Business and Professions Code section 17200 *et seq.* Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that threatens an incipient violation of law, or violates the policy or spirit of laws because its effects are comparable to or the same as a violation of the law by manufacturing, distributing, marketing, and advertising products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A."

a. Alternatively, Defendants engaged in a pattern of "unfair" business practices

that violate the wording and intent of the statutes, by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising products with the false claim that the products referenced herein are "Made in U.S.A."

b. Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoid by manufacturing, distributing, marketing, and advertising products with the false claim that the products referenced herein are "Made in U.S.A."

35. Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by manufacturing, distributing, marketing, and advertising products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A."

36. Defendants engaged in these unlawful, unfair and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

37. As a result of the repeated violations described herein, Defendants received and continue to receive unearned commercial benefits at the expense of their competitors and the public.

38. Defendants' unlawful, unfair and fraudulent business practices presents a

continuing threat to the public in that the Defendants continue to engage in illegal conduct.

39. Such acts and omissions are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq.* Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

40. As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendants have been and will be unjustly enriched by the receipt of ill-gotten gains and profits from customers who unwittingly provided monies to Defendants based on Defendants' fraudulent country of origin designation.

41. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees under Code of Civil Procedure section 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

**THIRD CAUSE OF ACTION**

**(Violation of Business & Professions Code § 17533.7 As Against All Defendants)**

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 41, inclusive, as if set forth in full herein.

43. Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

44. Defendants violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "Made in U.S.A." label as fully set forth herein. The merchandise at issue in this case actually contains parts that are manufactured outside of the United States.

45. It is alleged on information and belief that Defendants' violations of Business & Professions Code Section 17533.7 was done with awareness of the fact that the conduct alleged

was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

46. As a direct and proximate result of Defendants' violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution to the full extent permitted by California law.

47. In prosecuting this action for the enforcement of important rights affecting the public interest, plaintiff seeks to recover attorneys' fees under section 1021.5 of the Code of Civil Procedure, which is available to a prevailing plaintiff who wins relief for the general public.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

**PRAYER**

1. For a judgment declaring this action to be a proper class action;

2. Damages according to proof (See *Colgan v. Leatherman Tool Group, Inc.*, Cal.App.4th 663,696 (2nd Dist. 2006));

3. Declaring that Defendants violated the provisions of California Business & Professions Code Section 17200 *et seq*.;

4. Pursuant to California Business & Professions Code Section 17204 and pursuant to the equitable powers of this Court, enjoining Defendants, their subsidiaries, affiliates, and their successors, agents, servants, officer, directors, employees, and all persons, acting in concert with them, directly or indirectly, from engaging in conduct violative of California Business & Professions Code Section 17200 *et seq*. as more fully described above;

5. Pursuant to Business & Professions Code Section 17204, requiring Defendants to provide restitution to compensate, and to restore all persons in interest, including all Class members, with all monies acquired by means of Defendants' unfair competition to the extent permitted by California law;

6. A declaration that Defendants violated Business & Professions Code Section

17533.7;

7. A declaration that Defendants violated the Consumers Legal Remedies Act and that Plaintiff, and all others similarly situated, are entitled to actual damages pursuant to Civil Code § 1780;

8. Punitive damages to the extent permitted by law pursuant to Civil Code § 1780(a)(4);

9. Plaintiff's reasonable attorneys' fees as it relates to all three causes of action (pursuant to Civil Code § 1780 as it relates to the first cause of action and pursuant to Code of Civil Procedure § 1021.5 as it relates to the second and third causes of action);

10. For costs of suit incurred herein;

11. For prejudgment interest as allowed by law; and

12. For such other and further relief as this Court finds just, equitable and proper, including, but not limited to, the remedy of disgorgement.

Dated: September 28, 2007

Respectfully submitted,

DEL MAR LAW GROUP, LLP

by ______________________
JOHN H. DONBOLI
JL SEAN SLATTERY
Attorneys for Plaintiff DAVID PAZ, an individual and on behalf of all others similarly situated

2

Ellen L. Darling (#149627)
Samantha K. Feld (#222612)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Attorneys for Defendant
PLAYTEX PRODUCTS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYTEX PRODUCTS, INC., a Delaware Corporation, and Does 1 through 100, inclusive<br><br>Defendants. | CASE NO.:<br><br>Originally filed in the Superior Court for the State of California, County of San Diego Case No.: 37-2007-00075921-CU-BT-CTL<br><br>**DECLARATION OF WILLIAM STAMMER IN SUPPORT OF DEFENDANT PLAYTEX PRODUCTS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.S. §1441(B) (Diversity)**<br><br>DATE OF FILING: SEPTEMBER 28, 2007<br>TRIAL DATE: NONE |

I, William Stammer, declare as follows:

1. I am the Associate General Counsel for Defendant Playtex Products, Inc. ("Playtex"). I have been employed by Playtex for approximately 37 years. I have personal knowledge of the statement set forth below and, if called as a witness, I would competently testify to the same.

2. Playtex is a Delaware corporation with its principal place of business located in the State of Connecticut.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of November at Westport, Connecticut.

William Stammer

14767.0002\FELDS\IRV\554113

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

- 2 -

Declaration of William Stammer In Support of Playtex Products, Inc.'s Notice of Removal

LexisNexis® Total Research System
subscription ID | Switch Client | Preferences | Sign Off | [?] Help
Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | History
Service: Get by LEXSEE®
Citation: 2007 us dist lexis 60952

*2007 U.S. Dist. LEXIS 60952, **

KEVIN T. LEVINE, an individual and on behalf of the general public, Plaintiff, vs. BIC USA, INC., a Delaware corporation, and DOES 1 through 100, Defendants.

CASE NO. 07cv1096-LAB (RBB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2007 U.S. Dist. LEXIS 60952

August 19, 2007, Decided
August 20, 2007, Filed

**CORE TERMS:** amount in controversy, removal, lighter, dollar, preponderance, class member, amount of damages, jurisdictional amount, jurisdictional, declaration, pled, scenario, class action, putative, specify, federal jurisdiction, evidence standard, threshold, jurisdictional minimum, subject matter jurisdiction, specific amount, punitive, facially, corner, disposable, packaging, declares, marked, evidentiary objection, standard of proof

**COUNSEL:** **[*1]** For Kevin T Levine, an individual and on behalf of the general public, Plaintiff: John H Donboli, LEAD ATTORNEY, Del Mar Law Group, LLP, Del Mar, CA.

For Bic USA Inc, a Delaware corporation, Defendant: Craig J Mariam, Kevin W Alexander, LEAD ATTORNEYS, Benjamin Taliaferro Morton, Gordon & Rees LLP, San Diego, CA; Manuel Saldana, LEAD ATTORNEY, Gordon & Rees LLP, Los Angeles, CA.

**JUDGES:** HONORABLE LARRY ALAN BURNS, United States District Judge.

**OPINION BY:** LARRY ALAN BURNS

**OPINION**

**ORDER DENYING MOTION TO REMAND**

[Dkt No. 14]

This putative class action is before the court on plaintiff Kevin T. Levine's ("Levine") Motion To Remand For Lack Of Subject Matter Jurisdiction ("Motion") on grounds defendant BIC USA ("BIC") has not carried its removal burden to demonstrate the amount in controversy exceeds $ 5,000,000 exclusive of interest and costs. BIC filed Opposition, and Levine filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issue presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED.**

Levine filed this putative class action in San Diego County Superior Court on May 14, 2007,

and a First Amended Complaint ("FAC") on June **[*2]** 14, 2007 (*see* Dkt No. 7), seeking damages and injunctive relief under four causes of action based on alleged violations of California consumer laws. [1] He alleges he purchased over time disposable BIC lighters bearing the designation "Made In USA," whereas the lighters are entirely or substantially made, manufactured, or produced outside the United States. FAC P 1. On that basis, he alleges BIC has engaged in "a fraudulent, unlawful, deceptive and unfair course of conduct." FAC P 1. He purports to represent California residents who purchased BIC disposable lighters with the product or packaging label "Made in USA" within the last four years. BIC removed the case to federal court on June 15, 2007. BIC acknowledged Levine does not specify the total amount of damages sought by the putative class, but alludes to Levine's statement in the complaint the amount in controversy "does not exceed 74,999.99" as to any individual class member. *See* FAC P 16. The removal notice justified the propriety of removal based on "the breadth of the purported class, as well as amount in controversy by virtue of Plaintiff's Complaint." Dkt No. 1, 2:13-18.

**FOOTNOTES**

1 The FAC alleges: (1) violation of Consumers Legal Remedies **[*3]** Act, CAL. CIV. CODE §§ 1750, *et seq.*; (2) violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.* (unfair competition) (3) violation of CAL. BUS. & PROF. CODE §§ 17500, *et seq.* (false advertising and untrue or misleading statements in connection with the sale of goods); and (4) violation of CAL. BUS. & PROF. CODE §§ 17533.7 (forbidding the use of "Made in U.S.A." on merchandise which has been entirely or substantially made, manufactured, or produced outside the United States.

Levine's Motion challenges the court's subject matter jurisdiction over this dispute. [2] Federal courts are courts of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ." 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") provides that federal courts have "original **[*4]** jurisdiction" over class actions where there is diversity of citizenship, there are at least 100 class members, and the combined claims of the class members exceed $ 5,000,000 exclusive of fees and costs. 28 U.S.C. § 1332(d). The Notice of Removal in this case establishes the diversity of citizenship element and that the number of putative class members far exceeds 100. [3] The Motion challenges only satisfaction of the jurisdictional amount in controversy element.

**FOOTNOTES**

2 The Motion is supported by the declaration of plaintiff Kevin T. Levine. He declares he personally purchased BIC Maxi disposable lighters on multiple occasions during the last four years, many of them marked "MADE IN USA" and some marked "MADE IN FRANCE" and "MADE IN BRAZIL." Levine Decl. P 2. He declares on information and belief BIC also sells Maxi disposable lighters in California that are marked "MADE IN SPAIN." Id. BIC's evidentiary objection that his statement regarding the "MADE IN SPAIN" lighters lacks foundation is sustained. Levine also declares he recalls purchasing the BIC lighters on at least one occasion in two-pack packaging, paying $ 2.79 for both lighters, with both the lighters and the packaging marked "MADE **[*5]** IN USA" and with a prominent U.S. flag in a corner of the packaging. Id. P 3. He declares that based on his purchases overtime, he "understand[s]" the average retail price of one BIC Maxi lighter to be $ 1.39. BIC raises an evidentiary objection Levine's assertion regarding the average retail price of one

BIC Maxi lighter lacks foundation to the extent it is offered to prove the average retail price of one BIC lighter. To that extent only, the objection is sustained.

3 BIC supported the Notice of Removal with a declaration from Steve Milkey, BIC's Senior Director of Sales, who relied on company sales data for the four-year period preceding Levine's complaint to aver BIC sold more than 50 million J-26 ("Maxi") lighters in the State of California and received in excess of $ 5 million dollars in revenues from those sales. June 2007 Milkey Decl. P 3.

When a plaintiff institutes the case in state court, there is a presumption against removal. [4] *See* Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992) (substantiating a defendant seeking removal and to avoid remand must identify specific factual allegations or provisions in the Complaint that might support its assertion the amount in controversy **[*6]** exceeds the jurisdictional minimum amount); Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir.1997). All doubts and ambiguities are resolved against removal and in favor of remand. *See* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). A plaintiff desiring to avoid removal jurisdiction can allege facts specific to the claims in the pleading which would narrow the scope of the putative class or the damages sought.

**FOOTNOTES**

4 "[I]n cases brought in the federal court . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . . A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a larger amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), *quoting* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

As pertinent here, the inquiry in deciding removal disputes is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant **[*7]** will actually owe a successful plaintiff. *See* Sherer v. Equitable Life Assurance Soc. of the U.S., 347 F.3d 394, 397-98 (2nd Cir. 2003). The court does not consider the amount of damages that may ultimately be recovered. Rather, the court accepts as true plaintiff's allegations as pled in the complaint and assumes plaintiff will prove liability and recover the damages alleged.

The proponent of federal jurisdiction has the burden of establishing removal jurisdiction. Lowdermilk, 479 F.3d at 997; *see* Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) [5] (in cases removed from state court, the removing defendant has "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement"), *quoting* Gaus, 980 F.2d at 566; *see also* Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007). "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." Gaus, 980 F.2d at 566. In a class action, when the plaintiff does not specify an amount of damages, for removal purposes "Defendant must prove by a preponderance of the evidence that the damages claimed exceed **[*8]** $ 5,000,000." Lowdermilk, 479 F.3d at 998, 994 (deciding a question left open in Abrego Abrego and holding that when the plaintiff *has **pled** damages **less** than* the jurisdictional amount, the party seeking removal must prove to a "legal certainty" the amount in controversy is satisfied, notwithstanding the prayer for relief in the complaint). When the preponderance of the evidence standard applies -- that is, when the plaintiff does not specify an amount of damages in the pleading -- the defendant need only make a factual showing it is more likely than not the amount in controversy exceeds $ 5 million dollars.

Singer, 116 F.3d at 376; Sanchez, 102 F.3d at 404.

**FOOTNOTES**

5 The Abrego Abrego court grappled with the category of cases the CAFA had newly identified as "mass actions," a category distinct from the more traditional "class action," particularly with respect to the requirement that in a "mass action," not only must the aggregate amount in controversy be $ 5 million dollars, but also each plaintiff must satisfy the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(d)(11)(B)(i). The latter requirement is not imposed on CAFA class action plaintiffs.

The **[*9]** amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading, in this case, Levine's FAC. Lowdermilk, 479 F.3d at 994. In deciding the issue, the court treats claims for statutory damages by considering only those damages actually recoverable under the facts alleged. *See* Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404-05 (9th Cir. 1996) (defendant failed to carry its burden to show the amount in controversy exceeded the jurisdictional threshold despite plaintiff's suit for treble punitive damages under Cal. Civ. Code § 3345 because that code section did not allow for trebling of contract damages). The FAC seeks damages in the form of "actual and monetary damages pursuant to CAL. CIV. CODE § 1780" [6] in his First Cause of Action (FAC PP 29-30); attorneys' fees under CAL. CODE CIV. P. § 1021.5 (providing for attorneys' fees awards to prevailing plaintiffs who win relief for the general public) in his Second, Third, and Fourth Causes of Action; "reimbursement" to "Plaintiff and the general public" of the "gains defendants received because of the misdeeds described herein" (FAC P 48); [7] "restitution of all monies **[*10]** paid to Defendants by Plaintiff and class members" (FAC P 54); and punitive damages under CAL. CIV. CODE § 1780(a)(4) (FAC Prayer P 8).

**FOOTNOTES**

6 Section 1780 authorizes recovery of "actual damages," "punitive damages," "restitution of property," and injunctive relief. CAL. CIV. CODE § 1780(a).

7 FAC P 40 describes BIC's alleged "unjust enrichment" as comprised of "the receipt of potentially millions of dollars in ill-gotten gains and profits from customers who unwittingly provided monies to Defendants based on Defendants' fraudulent country of origin designation."

The Lowdermilk court reviewed the three "scenarios" discussed in Abrego Abrego that can arise with respect to ascertaining from a Complaint whether the amount in controversy for removal purposes is satisfied. Lowdermilk, 479 F.3d at 998. In the first scenario, when plaintiff **fails to plead a specific amount of damages,** the defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego, 443 F.3d at 683, *citing* Gaus, 980 F.2d at 566. In the second scenario, if the complaint **alleges damages in excess of the federal amount-in-controversy requirement,** then the amount-in-controversy **[*11]** requirement is presumptively satisfied unless "it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Id. at 683 n.8, *citing* Sanchez, 102 F.3d at 402. Abrego Abrego did not decide the third scenario standard applicable when the **complaint alleges damages less than the jurisdictional amount.**

Lowdermilk resolved the question: "when the plaintiff has pled damages *less* than the jurisdictional amount, what must the defendant prove in order to remove the case to federal court?" Id. at 996. As a threshold matter, the Lowdermilk court first had to decide whether the manner of pleading -- referencing a specific dollar amount just below the jurisdictional limit -- qualified as an averment of a "specific amount in damages," and concluded it did, contrary to defendant's contention that because the pleading "failed to specify [plaintiff's] damages, Defendant must prove only by a preponderance of the evidence that the damages claimed exceed $ 5,000,000." Lowdermilk, 479 F.3d at 998.

> Our starting point is "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego*, 443 F.3d at 690 . . . . We have **[*12]** reserved the preponderance of evidence standard for situations where a plaintiff "seeks no specific amount in damages," Abrego Abrego, 443 F.3d at 688 (footnote omitted), and a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements. [8] Here, we need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met, as **Plaintiff avers damages ("less than five million dollars")** that do not reach the threshold for federal jurisdiction. **We hold that Plaintiff did plead a "specific amount in damages," and therefore, the preponderance of the evidence standard does not apply.**

Lowdermilk, 479 F.3d at 998 (emphasis added); *see* Singer, 116 F3d at 377 ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy").

**FOOTNOTES**

8 "In *Abrego Abrego,* for example, the complaint asked only for 'pre-and-post-judgment interest, attorney's fees and costs, and relief in the form of special, general, punitive and exemplary damages due and awardable pursuant to the actions of Defendants.' 443 F.3d at 688 (internal quotation marks omitted). Because **[*13]** damages were not quantified, we looked beyond the complaint to 'consider facts in the removal petition.' *Id.* at 690 (quoting *Singer[ v. State Farm Mut. Auto. Ins. Co.]* 116 F.3d [373] at 377 [9th Cir. 1997]." Lowdermilk, 479 F.3d at 998 n. 4.

Informed by the principle that federal courts are courts of limited jurisdiction, so strictly construe their own jurisdiction, and by the well-established principle the plaintiff is "master of her complaint" and can plead to avoid federal jurisdiction," the Lowdermilk court held "a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum" in situations where a plaintiff has expressly pled a damages amount *under* the jurisdictional minimum. [9] Lowdermilk, 479 F.3d at 998-99. The parties here both proceed as if Levine has not pled an amount in controversy, which would place this dispute within the first Abrego Abrego / Lowdermilk scenario whereby the removing defendant must show by a preponderance of evidence that CAFA element is satisfied for removal purposes. The court is permitted in such circumstances to consider facts in the removal petition and "summary-judgment-type **[*14]** evidence relevant to the amount in controversy at the time of removal." *See* Singer, 116 F.3d at 377. Levine affirmatively represents his case is one where the Complaint "does not specify a particular amount of damages." BIC concurs "the specific amount of damages sought is not alleged in the [FAC]" so its burden is to "prove by a preponderance of the evidence that the amount in controversy prong is satisfied." Opp. 2:19-23. The parties' premise does not persuade the court.

**FOOTNOTES**

9 "By adopting 'legal certainty' as the standard of proof, we guard the presumption against federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court," and such a standard "also maintains symmetry in our rules requiring legal certainty as the standard of proof" in that "we already require that a defendant seeking remand for a case initially filed in federal court must show with 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Lowdermilk, 479 F.3d at 998-99 *citing for the latter proposition* Sanchez, 102 F.3d at 401-02. Thus, when the damages sought by plaintiff appear from **[*15]** the four corners of the complaint to be less than the jurisdictional amount, the defendant seeking removal "must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction" by showing plaintiff is legally certain to recover at least five million dollars. Lowdermilk, 479 F.3d at 999.

The court makes its own threshold inquiry into which of the three pleading "scenarios" identified in Abrego Abrego and Lowdermilk exists and therefore which standard of proof attaches to the resolution of the amount in controversy dispute. The court adopts the "starting point" instructed by Lowdermilk: is it "facially apparent" from the FAC "the jurisdictional amount is in controversy?" Levine acknowledges: "Plaintiff did not specify an amount of damages in its Complaint *other than to plead* that the amount in controversy does not exceed $ 74,999.99 **as to Plaintiff or any other Class Member** and prayed for damages shall be [*sic*] 'according to proof." Mot. 4:8-10 (emphasis added). His papers make no representation squarely addressing whether he contends the amount in controversy does not exceed $ 5 million dollars. [10] Rather, he relies solely **[*16]** on the premise a removing defendant has the burden to establish removal jurisdiction and narrowly argues BIC failed to prove by a preponderance of the evidence the likelihood the amount in controversy exceeds $ 5 million dollars.

**FOOTNOTES**

10 The closest Levine comes is to state "the First Amended Complaint **does not allege** damages in excess of $ 5,000,000" (Mot. 8:4-5) (emphasis added), a representation that is reasonably read not as an averment damages do not exceed $ 5,000,000, but rather in consideration of his contention the complaint "does not specify a particular amount of damages" (Mot. 3:14-15).

Strictly construing its limited jurisdiction and applying the Lowdermilk analytical framework, the court concludes Levine has pled "a specific amount in damages" within the four corners of the complaint by averring "the amount in controversy does not exceed $ 74,999.99 as to Plaintiff or any other Class Member" (FAC P 16), even though (as in Lowdermilk) the dollar amount is a "not in excess of" contention. Therefore, "the preponderance of the evidence standard does not apply." Lowdermilk, 479 F.3d at 998. Unlike in Lowdermilk, however, this court need not proceed to require defendant to show to **[*17]** a legal certainty the amount in controversy exceeds the jurisdictional limit because the "does not exceed" figure in the FAC attaches, as pled, to *each* putative class member. Even though Levine does not plead any aggregate total amount of the claims, multiplying that express maximum figure per class member by the undisputed minimum class size of 100 members, from the face of the FAC the amount in controversy exceeds the CAFA jurisdictional minimum. [11] The court accordingly finds the standards of the Abrego Abrego / Lowdermilk "second scenario" govern the amount in controversy determination for purposes of deciding the Motion rather than a

preponderance of evidence standard. Using this approach, the court need not reach Levine's evidentiary objections to the Milkey Declarations associated with BIC's removal petition and its Motion opposition relating to Levine's FAC allegations of unjust enrichment and seeking resitutionary disgorgement.

**FOOTNOTES**

11 BIC represents, without contradiction in Levine's Reply: "Plaintiff does not contest this case involves at least one-hundred (100) class members." Opp. 2:4-5.

Nevertheless, even were the court to apply the preponderance of evidence standard associated **[*18]** with the Abrego Abrego / Lowdermilk "first scenario," the court overrules Levine's objections to the June 2007 and the August 2007 Milkey Declarations [12] and finds those sworn representations and Exhibit A to the August 2007 Declaration substantiate it is "more likely than not" the amount in controversy exceeds $ 5 million dollars, irrespective of Levine's argument the sales and profit totals are not the appropriate measure of damages. Singer, 116 F.3d at 376. Unlike in Lowdermilk, where an aggregate amount in controversy was expressly pled as below the CAFA jurisdictional threshold, Levine's FAC facially demonstrates removal should be upheld without the need to exact the evidentiary showings required when the expressed dollar figure capping the amount of damages is below the jurisdictional CAFA minimum or when no damages amount is specified in the pleading. The court finds it need not look beyond the FAC to resolve the dispute presented by this Motion, and it need not now address the issues the parties briefed associated with the *measure* of damages that will apply at the damages phase.

**FOOTNOTES**

12 Levine's Motion objection the June 2007 Milkey Declaration offers only an inadequate bald assertion **[*19]** was devoid of any evidence was cured by the August 2007 Milkey Declaration and its Exhibit A (filed under seal). Levine's objection the June 2007 Milkey Declaration did not make clear he was describing the sales and profits related only to the lighters at issue in this litigation -- *i.e.*, the BIC 'Maxi" lighters sold in California during the relevant time period with purportedly false "Made in USA" markings -- was also cured by the August 2007 Milkey Declaration and its Exhibit A.

In summary, the FAC states a damages amount maximum as to each putative class member, and the undisputed existence of a minimum class size of 100 members compels the finding, on that basis alone, the amount in controversy as pled exceeds $ 5 million dollars. This court thus does not lack subject matter jurisdiction predicated on a deficient threshold amount in controversy, and removal was proper. For all the foregoing reasons, **IT IS HEREBY ORDERED** the Motion To Remand is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 19, 2007

**HONORABLE LARRY ALAN BURNS**

United States District Judge

Service: **Get by LEXSEE®**

Citation: **2007 us dist lexis 60952**
View: Full
Date/Time: Wednesday, November 7, 2007 - 2:08 PM EST

Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Ellen L. Darling (#149627)
Samantha K. Feld (#222612)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Attorneys for Defendant
PLAYTEX PRODUCTS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID PAZ, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

PLAYTEX PRODUCTS, INC., a Delaware Corporation, and Does 1 through 100, inclusive

Defendants.

CASE NO.:

Originally filed in the Superior Court for the State of California, County of San Diego Case No.: 37-2007-00075921-CU-BT-CTL

**DECLARATION OF BRENDA LIISTRO IN SUPPORT OF DEFENDANT PLAYTEX PRODUCTS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.S. §1441(B) (Diversity)**

DATE OF FILING: SEPTEMBER 28, 2007
TRIAL DATE: NONE

I, Brenda Liistro, declare as follows:

1. I am the Vice President, Director, Infant Care for Defendant Playtex Products, Inc. ("Playtex"). I have been employed by Playtex for approximately 15 years. In my position as Vice President, Director, Infant Care, I am familiar with and receive information about the sales of Playtex's spill proof cups with some form of a "Made in U.S.A." label, including sales in California. Based upon my familiarity with that information and my employment at Playtex, I make this Declaration in Support of Playtex's Notice of Removal under 28 U.S.C.S.



Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

§1441(b), and if called as a witness, I can competently testify to the facts set forth below.

2. Between approximately November 2006 and October 2007, Playtex sold approximately 1,300,000 spill proof cups with some form of a "Made in U.S.A." label in California. Playtex does not control the retail sales price of these cups in California, and the price varies among different sellers. I read Plaintiff's Complaint and understand that Plaintiff alleges that the average retail sales price of these cups in California is $6.99. Based on this allegation by Plaintiff, and Playtex's sales figures described above, the retail sales of those cups in California well exceed $5,000,000 for that 12 month period.

3. If the Court required Playtex to disgorge all of its revenue from the sale of its spill proof cups with some form of a "Made in U.S.A." label from January 2007 through the resolution of this case, and issue a complete refund for each cup sold, based on Plaintiff's allegation and the sales figures above, Playtex would suffer a pecuniary loss that will well exceed $5,000,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of November at Westport, Connecticut.

[signature]
Brenda Liistro

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On Nov. 7, 2007 I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT PLAYTEX PRODUCTS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.S. §1441(B) (Diversity)**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF COUNSEL** | John H. Donboli, Esq.<br>J.L. Sean Slattery, Esq.<br>Del Mar Law Group, LLP<br>322 Eighth Street, Suite 101<br>Del Mar, California 92014<br>858.793.6244<br>858.793.6005, fax |
|---|---|

✓ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)(3)).

✓ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on Nov. 7, 2007, at Costa Mesa, California.

[signature]
Cheryl Wynn

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
07 NOV -7 PM 2:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I. (a) PLAINTIFFS**
David Paz, an individual and on behalf of all others similarly situated,

**DEFENDANTS**
Playtex Products, Inc., a Delaware corporation, and Does 1 through 100, inclusive

'07 CV 2133 JM (BLM)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Fairfield County CT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John H. Donboli, Esq.
Del Mar Law Group, LLP
322 Eighth Street, Suite 101
Del Mar, California 92014
858.793.6244

ATTORNEYS (IF KNOWN)
Samantha K. Feld, Esq.
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
714.427.7000

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. Section 1441(b) Diversity

**V. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [X] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**VI. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ______ Docket Number ______

DATE: November 7, 2007

SIGNATURE OF ATTORNEY OF RECORD: [signature] Samantha K. Feld, Esq.

PAID $350 11/7/07 BH RCPT# 144282

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL

PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On Nov. 7, 2007 I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT PLAYTEX PRODUCTS, INC.'S CIVIL COVER SHEET [NOTICE OF REMOVAL]**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF COUNSEL** | John H. Donboli, Esq.<br>J.L. Sean Slattery, Esq.<br>Del Mar Law Group, LLP<br>322 Eighth Street, Suite 101<br>Del Mar, California 92014<br>858.793.6244<br>858.793.6005, fax |
|---|---|

✓ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)(3)).

✓ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on Nov. 7, 2007, at Costa Mesa, California.

Cheryl Wynn

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144282 - BH
* * C O P Y * *
November 07, 2007
14:25:06

Civ Fil Non-Pris
USAO #.: 07CV2133 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC# 20435

Total-> $350.00

FROM: PAZ V. PLAYTEX
CIVIL FILING