1  JOHN DONBOLI (SBN: 205218)
   jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
4  Del Mar, CA 92014
   Telephone: (858) 793-6244
5  Facsimile: (858) 793-6005

6  Attorneys for Plaintiff: David Paz and all
   others similarly situated

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 DAVID PAZ, an individual and on behalf of all  )  CASE NO. 3:07-cv-2133-JM-BLM
   others similarly situated,                     )
11                                                 )  **CLASS ACTION**
                            Plaintiff,             )
12                                                 )  **MEMORANDUM OF POINTS OF**
                     vs.                           )  **AUTHORITIES IN SUPPORT OF**
13                                                 )  **PLAINTIFF'S MOTION TO REMAND**
   PLAYTEX PRODUCTS, INC., a Delaware              )  **FOR LACK OF SUBJECT MATTER**
14 Corporation, and DOES 1 through 100,           )  **JURISDICTION**
   inclusive,                                      )
15                                                 )  ACCOMPANYING DOCUMENTS:
                            Defendants.            )  Notice of Motion and Motion; Evidentiary
16                                                 )  Objections to Declaration of Brenda Liistro;
                                                   )  Objections To and Request For An Order
17                                                 )  Striking Submission of Unrelated Decision
                                                   )
18                                                 )  **[28 U.S.C. § 1447]**
                                                   )
19                                                 )  Date:        December 14, 2007
                                                   )  Time:        1:30 p.m.
20                                                 )  District Judge: Hon. Jeffrey T. Miller
                                                   )  Room/Floor:   Room 16 / 5th Floor
21                                                 )
                                                   )  **[NO ORAL ARGUMENT UNLESS**
22                                                 )  **REQUESTED BY THE COURT]**
                                                   )
23 _____)

24

25        Plaintiff DAVID PAZ ("**Plaintiff**") hereby submits this Memorandum of Points and

26 Authorities in Support of the Motion to Remand for Lack of Subject Matter Jurisdiction.

27 **I.    INTRODUCTION**

28        Plaintiff respectfully requests that this Court remand the above-entitled action to the

1   Superior Court of the State of California, County of San Diego because defendant PLAYTEX

2   PRODUCTS, INC. ("Defendant") failed to establish to a "legal certainty" that federal subject

3   matter jurisdiction exists in this case.  In particular, Defendant has failed to establish that the

4   amount in controversy exceeds $5,000,000 exclusive of interests and costs.

5   **II.    PROCEDURAL BACKGROUND**

6          On or about September 28, 2007, Plaintiff filed a proposed Class Action Complaint

7   ("Complaint") in the Superior Court of California, County of San Diego for damages and

8   injunctive relief against Defendant.  See Complaint (Case No. 37-2007-00075921-CU-BT-CTL)

9   attached to Notice of Removal as Exhibit "1," on file herein.  The Complaint asserts three causes

10   of action predicated on violations of *California* law:  (1) Violation of Consumers Legal

11   Remedies Act (California Civil Section 1750 *et seq.*); (2) Violation of California's Unfair

12   Competition Law (California Business & Professions Code Section 17200 *et seq.*); and (3)

13   Violation of California's False "Made In USA" Designation Statute (California Business &

14   Professions Code Section 17533.7).  All causes of action arise from Defendant's unlawful claims

15   that its spill proof cups are "Made in the USA."

16          On or about October 9, 2007, Defendant was served with a copy of the Summons and

17   Complaint. See Notice of Removal, Page 2, ¶ 2, Lines 5-6, on file herein.

18          On or about November 7, 2007, Defendant filed a Notice of Removal, and the case was

19   assigned to the Hon. Jeffrey T. Miller (Case No. 3:07-cv-2133-JM-BLM).

20   **III.    LEGAL ANALYSIS**

21          **A.    Legal Standard**

22          "A civil action in state court may be removed to federal district court if the district court

23   had 'original jurisdiction' over the matter."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994,

24   997 (9th Cir. 2007) (quoting 28 U.S.C. § 1441(a)).  The Class Action Fairness Act of 2005

25   ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b), provides that federal

26   courts have "original jurisdiction" only where there is diversity of citizenship, the action is

27   between citizens of different states, and the amount in controversy exceed $5,000,000, exclusive

28   of fees and costs.  28 U.S.C. § 1332(d).

**B.**      <u>Defendant Has the Burden to Establish Removal Jurisdiction Pursuant to the</u> <u>Class Action Fairness Act</u>

The Ninth Circuit Court of Appeals has held that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *Lowdermilk*, 479 F.3d at 997; *see Serrano v. 180 Connect, Inc., et al.*, 478 F.3d 1018 (9th Cir. 2007).  As Defendant is the proponent of federal jurisdiction in this case, it has the burden of establishing jurisdiction.  As set forth in detail below, Defendant has failed to establish that this Court has jurisdiction over this case.  Therefore, Plaintiff respectfully submits that this Court has no subject matter jurisdiction over this matter and this case should be remanded back to state court.

**C.**      <u>Defendant Has the Burden to Establish To A "Legal Certainty" That the</u> <u>Amount in Controversy Exceeds $5,000,000</u>

Federal courts are courts of limited jurisdiction, which strictly construe their own jurisdiction.  *Lowdermilk*, 479 F.3d at 998.  It is also well established that the plaintiff is the "master of her complaint" and can "plead to avoid federal jurisdiction" *Id.* at 998-99.  Thus, in cases such as this where the damages sought by plaintiff appear from the four corners of the complaint to be less than the jurisdictional amount, the defendant seeking removal "must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction" by showing plaintiff is legally certain to recover at least five million dollars.  *Id.* at 999.

In adopting "legal certainty" as the standard of proof, the *Lowdermilk* court expressly guarded the presumption against federal jurisdiction and preserved the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court.  *Id.*

Mere allegations that the matter in controversy exceeds the jurisdictional requirement do not overcome the strong presumption against removal jurisdiction nor satisfy defendant's burden of establishing the amount in controversy. *See Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) (finding that defendant's bald recitation that the amount in controversy exceeded $50,000 without identifying any specific factual allegations or provisions in the complaint that might

1    support that proposition, provoked *sua sponte* remand).

2          Moreover, the longstanding rule that a defendant bears the burden of proof to establish

3    the amount in controversy, recognized in all of the Federal Circuits, continues to apply after the

4    passage of CAFA. *See Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676 (9th Cir. 2006);

5    *Rogers v. Central Locating Service, Ltd.,* 412 F.Supp.2d 1171 (W.D. Wash. 2006).  In *Abrego*

6    *Abrego*, the Ninth Circuit Court held that CAFA did not shift the burden of establishing that

7    there is no removal jurisdiction to the party contesting removal, but instead held that the burden

8    remained on the party seeking removal. *Id.* at 678. The court noted that in cases removed from

9    state court, the removing defendant has "always borne the burden of establishing federal

10   jurisdiction, including any applicable amount in controversy requirement." *Id.* at 682-83.

11         In this case, it is facially apparent from the Complaint that Plaintiff alleges a specific

12   amount of damages.  Plaintiff alleges that the "amount in controversy as to Plaintiff

13   (individually) or any other individual Class Member does not exceed the value of the spill proof

14   cups, which has an average retail price of approximately $6.99.   Plaintiff purchased two spill

15   proof cups; as such, the amount in controversy as between Plaintiff and Defendants as to

16   Plaintiff's *individual* claims does not exceed $13.98.  The amount in controversy as to all Class

17   Members, inclusive of attorneys' fees and costs, injunctive relief (to the extent it can be valued),

18   prejudgment interest, and punitive damages does not exceed $4,999,000."  Complaint, ¶ 16.  As

19   such, Defendant must prove that Plaintiff is legally certain to recover at least $5,000,000 to meet

20   this standard.

21         Defendant falls short of this standard as it has not produced any evidence showing it is

22   "legally certain" that the amount in controversy in this action exceeds $5,000,000, including the

23   legal certainty as it relates to the recovery of attorneys' fees and injunctive relief sought in the

24   Complaint.  *See Lowdermilk*, 479 F.3d at 1000 (attorneys' fees); *Sanchez*, 102 F.3d at 405

25   (injunctive relief).  Defendant simply elected to present a two-page declaration on the critical

26   issue, which Plaintiff objects to in pertinent part, which claims that "[b]ased on this allegation by

27   Plaintiff, and Playtex's sales figures described above, the retail sales of those cups in California

28   well exceed $5,000,000 for that 12 month period."  Declaration of Brenda Liistro of in Support

1  of Defendant Playtex Products, Inc.'s Notice of Removal, ¶ 2, lines 8-10.  Defendant's

2  calculations are conclusory, unsupported by any admissible evidence, and do not accurately

3  reflect the measure of damages in this case.

4         As fully set forth below, Defendant fails to satisfy its burden of proof establishing to a

5  "legal certainty" that the amount in controversy exceeds $5,000,000 pursuant to the CAFA

6  analysis. Therefore, Plaintiff respectfully submits that this Court has no subject matter

7  jurisdiction over this matter and this case should be remanded back to state court.

8         **D.      This Court Lacks Subject Matter Jurisdiction as the Amount in Controversy**

9                 **Does Not Exceed $5,000,000**

10        Defendant claims that CAFA applies in this case because the amount in controversy

11 exceeds $5,000,000, exclusive of interest and costs.  Specifically, Defendant argues that "Playtex

12 sold approximately 1,300,000 spill proof cups in California with some form of a "Made in

13 U.S.A." label" and that "[b]ased on Plaintiff's allegation in the Complaint concerning the

14 average retail price of the cups, and Playtex's sales figures described above, the retail sales of

15 those cups in California for the 12 month period described above well exceeds $5,000,000."

16 Notice of Removal, ¶ 9, at p. 4, lines 5-22.

17        Defendant, however, makes a critical mistake in its simplistic analysis:  the measure of

18 damages in this case, as set forth in the seminal case of *Colgan v. Leatherman Tool Group, Inc*.,

19 135 Cal.App.4th 663 (2nd Dist. 2006), is not measured by the total of Defendant's retail sales, the

20 total of its gross profits relating to California sales, or even by 25% of its gross profits.  *Id*. at 700

21 [Although the *Leatherman* case was remanded on appeal based on the absence of evidence to

22 support the amount of restitution awarded, the trial court rejected as "'inequitable' a percentage

23 of Leatherman's gross profits as an appropriate measure of either the unlawful benefit to

24 Leatherman or the amount necessary to restore consumers to the position in which they would

25 have been but for the unlawful conduct."].  The proper measure of damages is currently

26 unknown and will be determined at time of trial based on presumably extensive expert opinion

27 testimony in this regard.

28        As set forth in *Gaus*, the "bald" allegation that Defendant's "sales figures" for the spill

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
CASE NO. 3:07-cv-2133-JM-BLM

proof cups at issue in this case "exceeds $5,000,000" does not overcome the strong presumption against removal jurisdiction nor satisfy Defendant's burden of establishing the amount in controversy. *See, supra, Gaus*, 980 F.2d at 567 (9th Cir. 1992) (finding that defendant's bald recitation that the amount in controversy exceeded $50,000 without identifying any specific factual allegations or provisions in the complaint that might support that proposition, provoked *sua sponte* remand).

1. <u>**The Measure of Damages Is Not Defendant's Retail Sales Figures As It Relates to the Spill-Proof Cups**</u>

As set forth above, the *Leatherman* trial court rejected as "inequitable" a percentage of Leatherman's gross profits as the appropriate measure of either the unlawful benefit to Leatherman or the amount necessary to restore consumers to the position in which they would have been but for the unlawful conduct." *Id*. at 700.  As such, Defendant's claim that the *higher* calculation of its retail sales figures is the appropriate measure of damages is incorrect, irrelevant and not dispositive of the amount in controversy issue.

Assuming, *arguendo*, that Defendant sold 6 million spill proof cups[1] with the false "MADE IN USA" designation to California consumers during the past four years at the average retail price of $6.99, then overall retail sales figure would be $41,940,000.  Common sense dictates that most retailers include a markup of approximately 33%; as such, Defendant's *gross* proceeds from such sales would be $31,533,835.

The *Leatherman* court rejected a calculation of restitution at 25 percent of the average wholesale unit price per tool.  Again, assuming, *arguendo*, that 10 percent would be the more appropriate restitution calculation in this case, the restitution amount would be limited to $3,1533,835 dollars in this litigation, which is far less than the jurisdictional threshold of $5 million dollars.  This hypothetical calculation is demonstrative of the inherent difficulty that Defendant will have in presenting evidence to a "legal certainty" that damages exceed $5 million dollars in this case.  As Defendant is the proponent of federal jurisdiction in this case, it has the

---

[1] Playtex submits it sold approximately 1,300,000 spill proof cups in California for the one year period of November 2006 through October 2007.  Notice of Removal, ¶ 9, page 4, lines 15-17.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
CASE NO. 3:07-CV-2133-JM-BLM

1    burden of establishing jurisdiction. *See Lowdermilk*, 479 F.3d at 997; *see Serrano v. 180*

2    *Connect, Inc., et al.*, 478 F.3d 1018 (9th Cir. 2007).

3        Simply stated, the Complaint alleges aggregate damages *less than* $5,000,000 and

4    Defendant fails to establish to a <u>legal certainty</u> that damages exceed $5,000,000.  Therefore,

5    Plaintiff respectfully submits that this Court does not have subject matter jurisdiction over this

6    matter.

7        **E.**    <u>**The Longstanding Presumption Against Removal Continues After CAFA**</u>

8        It is clear that the courts strictly construe the removal statue against removal jurisdiction;

9    especially in light of well established case law which dictates that plaintiff is the "master of her

10   complaint" and can "plead to avoid federal jurisdiction" *Lowdermilk*, 479 F.3d at 998-99; *see*

11   *Gaus*, *supra,* 980 F.2d at 566.  There is a strong presumption against removal and if there is *any*

12   *doubt* as to the right of removal, federal jurisdiction must be rejected.  *Id.*  This presumption is

13   supported by principals of fairness and judicial efficiency, particularly when, as here, jurisdiction

14   "rests on the defendant's own calculations of potential exposure under the plaintiff's

15   claim." *Rodgers, supra*, 412 F.Supp.2d at 1175.

16        In this case, Defendant has not established that the amount in controversy exceeds

17   $5,000,000.  Defendant manufactured its own calculations as to what the damages are in this

18   case, which is a measure of damages that is improper.  Therefore, pursuant to holding of

19   *Lowdermilk*, federal jurisdiction must be rejected.

20   **IV.**   <u>**CONCLUSION**</u>

21        Based upon the reasons set forth above, Plaintiff respectfully requests that this Court

22   issue an Order remanding this case back to state court for lack of subject matter jurisdiction.

23   Dated: November 13, 2007              Respectfully submitted,

24                             DEL MAR LAW GROUP, LLP

25

26                         by <u>s/John H. Donboli</u>
                               JOHN H. DONBOLI

27                                E-mail:  jdonboli@delmarlawgroup.com
                               JL SEAN SLATTERY

28                                Attorneys for Plaintiff DAVID PAZ, an individual
                               and on behalf of all others similarly situated