1 JOHN DONBOLI (SBN: 205218)
jdonboli@delmarlawgroup.com
2 JL SEAN SLATTERY (SBN: 210965)
sslattery@delmarlawgroup.com
3 DEL MAR LAW GROUP, LLP
322 8th Street, Suite 101
4 Del Mar, CA 92014
Telephone: (858) 793-6244
5 Facsimile: (858) 793-6005

6 Attorneys for Plaintiff: David Paz and all others similarly situated

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAZ, an individual and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PLAYTEX PRODUCTS, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 3:07-cv-2133-JM-BLM<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF BRENDA LIISTRO IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**<br><br>ACCOMPANYING DOCUMENTS:<br>Notice of Motion and Motion;<br>Memorandum of Points and Authorities;<br>Objections To and Request For An Order Striking Submission of Unrelated Decision<br><br>**[28 U.S.C. § 1447]**<br><br>Date:　　　　　　December 14, 2007<br>Time:　　　　　　1:30 p.m.<br>District Judge:　　Hon. Jeffrey T. Miller<br>Room/Floor:　　　Room 16 / 5th Floor<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]** |

　　Plaintiff DAVID PAZ ("Plaintiff") objects to the following proffered evidence presented by defendant PLAYTEX PRODUCTS, INC. ("Defendant") in support of its Notice of Removal.

## **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF BRENDA LIISTRO**

　　1.　　Paragraph 1, lines 23-25 and Paragraph 2, page 2 ("I am familiar with and receive

1  information about the sales of Playtex's spill proof cups with some form of a "Made in U.S.A."
2  label, including sales in California" and "Between approximately November 2006 and October
3  2007, Playtex sold approximately 1,300,000 spill proof cups with some form of a "Made in
4  U.S.A." label in California. Playtex does not control the retail sales prices of these cups in
5  California, and the price varies among different sellers. I read Plaintiff's Complaint and
6  understand that Plaintiff alleges that the average retail sales price of these cups in California is
7  $6.99. Based on this allegation by Plaintiff, and Playtex's sales figures described above, the
8  retail sales of those cups in California well exceed $5,000,000 for that 12 month period.").

9  <u>Objection</u>. Plaintiff objects to this portion of the Declaration of Brenda Liistro ("Liistro
10 Declaration") based on the declarant's lack of knowledge and failure to review relevant business
11 records as set forth in Paragraph 1, lines 23-25 ("I am familiar with and receive information
12 about the sales of Playtex's spill proof cups with some form of a "Made in U.S.A." label,
13 including sales in California") and the declarant's improper summarization of the information in
14 Paragraph 2. As such, Plaintiff objects because this statement lacks foundation and violates the
15 best evidence rule. Fed. R. Evid. 901, 1002, 1006; *Paddack v. Christensen, Inc.*, 745 F.2d 1254,
16 1259 (9th Cir. 1984) ["The proponent of a summary must establish a foundation that (1) the
17 underlying materials upon which the summary is based are admissible in evidence; and (2) the
18 underlying documents were made available to the opposing party for inspection."). Additionally,
19 the summary must "fairly represent" the underlying documents. *Davis & Cox v. Summa*
20 *Corporation*, 751 F.2d 1507, 1516 (9th Cir. 1985) (superseded by statute on other grounds as
21 stated in *Northrop Corp. v. Traid Intern. Marketing S.A.*, 842 F.2d 1154 (9th Cir. 1988)).

22      In this case, Defendant has not established the necessary foundation that the underlying
23 documents are admissible into evidence and has not made the underlying documents available to
24 Plaintiff for inspection.

25      2.   <u>Paragraph 3, page 2</u> ("If the Court required Playtex to disgorge all of its revenues
26 from the sale of its spill proof cups with some form of a "Made in U.S.A." label from January
27 2007 through the resolution of this case, and issue a complete refund for each cup sold, based on
28 Plaintiff's allegations and the sales figures above, Playtex would suffer a pecuniary loss that will

1  exceed $5,000,000.").

2  As such, Plaintiff objects because this statement is not "relevant evidence" and
3  inadmissible.  Fed. R. Evid. 401, 402.

4  <u>Objection</u>.  Plaintiff objects to this portion of the Liistro Declaration based on the
5  declarant's misapplication of the relevant legal standard to summarily conclude the purported
6  pecuniary loss to Defendant.  Relevant evidence is that which has a tendency to make the
7  "existence of any fact that is of consequence to the determination of the action more probable or
8  less probable than it would be without the evidence."  Fed. R. Evid. 401.  The purported
9  calculations by the declarant of the overall pecuniary loss to Defendant constitute a legal
10 conclusion as to the damages in this case, which is improper by this non-expert witness.

11 The measure of damages in this case, as set forth in the seminal case of *Colgan v.*
12 *Leatherman Tool Group, Inc*., 135 Cal.App.4th 663 (2nd Dist. 2006), is not measured by the total
13 of Defendant's *retail sales* (as set forth by Defendant in the Notice of Removal)*,* nor its gross
14 profits relating to California sales, or even by 25% of Defendant's gross profits.  *Id*. at 700
15 [Although the *Leatherman* case was remanded on appeal based on the absence of evidence to
16 support the amount of restitution awarded, the trial court rejected as "'inequitable' a percentage
17 of Leatherman's gross profits as an appropriate measure of either the unlawful benefit to
18 Leatherman or the amount necessary to restore consumers to the position in which they would
19 have been but for the unlawful conduct.].  As such, the appropriate legal standard for calculating
20 damages would not require Defendant to "issue a complete refund for each cup sold…."  Liistro
21 Declaration, ¶ 3, lines 13-14.

22 **<u>CONCLUSION</u>**

23 Plaintiff respectfully requests that the Court sustain the above objections and strike the
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

-3-
EVIDENTIARY OBJECTIONS TO DECLARATION OF BRENDA LIISTRO
CASE NO. 3:07-CV-2133-JM-BLM

1  evidence referenced above at the hearing on Plaintiff's Motion to Remand.

2  Dated: November 13, 2007                Respectfully submitted,

3                                           DEL MAR LAW GROUP, LLP

5                                    by s/John H. Donboli
                                        JOHN H. DONBOLI
6                                       E-mail:  jdonboli@delmarlawgroup.com
                                        JL SEAN SLATTERY
7                                       Attorneys for Plaintiff DAVID PAZ, an individual
                                        and on behalf of all others similarly situated