1  JOHN DONBOLI (SBN: 205218)
   jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
4  Del Mar, CA 92014
   Telephone: (858) 793-6244
5  Facsimile: (858) 793-6005

6  Attorneys for Plaintiff: David Paz and all
   others similarly situated
7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 DAVID PAZ, an individual and on behalf of all  )  CASE NO. 3:07-cv-2133-JM-BLM
   others similarly situated,                    )
11                                                )  **CLASS ACTION**
                          Plaintiff,              )
12                                                )  **PLAINTIFF'S OBJECTIONS TO**
                   vs.                            )  **AND REQUEST FOR AN ORDER**
13                                                )  **STRIKING DEFENDANT'S**
   PLAYTEX PRODUCTS, INC., a Delaware             )  **SUBMISSION OF UNRELATED**
14 Corporation, and DOES 1 through 100,           )  **ORDER AND REFERENCES**
   inclusive,                                     )  **THERETO IN DEFENDANT'S**
15                                                )  **NOTICE OF REMOVAL**
                          Defendants.             )
16                                                )  ACCOMPANYING DOCUMENTS:
                                                  )  Notice of Motion and Motion;
17                                                )  Memorandum of Points and Authorities;
                                                  )  Evidentiary Objections to Declaration of
18                                                )  Brenda Liistro
                                                  )
19                                                )  **[28 U.S.C. § 1447]**
                                                  )
20                                                )  Date:         December 14, 2007
                                                  )  Time:         1:30 p.m.
21                                                )  District Judge: Hon. Jeffrey T. Miller
                                                  )  Room/Floor:   Room 16 / 5th Floor
22                                                )
                                                  )  **[NO ORAL ARGUMENT UNLESS**
23                                                )  **REQUESTED BY THE COURT]**
                                                  )
24 _____)

25

26      Plaintiff DAVID PAZ ("Plaintiff") hereby objects to and seeks an order striking

27 Defendant PLAYTEX PRODUCTS, INC.'s ("Defendant") submission of an unrelated court

28 decision and all references thereto set forth in Defendant Playtex Product, Inc.'s Notice of

---
-1-
PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE SUBMISSION OF UNRELATED DECISION
CASE NO. 3:07-CV-2133-JM-BLM

Removal of Civil Action Under 28 U.S.C. § 1441(B) ("Notice of Removal") as follows:

## I. THE COURT ORDER IN LEVINE V. BIC USA, INC. IS NOT OF CONSEQUENCE TO THE DETERMINATION OF THIS ACTION

The Notice of Removal relies heavily upon an unrelated decision issued by the Honorable Judge Larry A. Burns of the United States District Court, Southern District of California, in the case styled as *Levine v. BIC USA, Inc.*, 3:07-cv-01096-LAB-RBD ("*Levine* case"), denying a motion to remand for lack of subject matter jurisdiction ("Judge Burns Order"). The Judge Burns Order could only be relevant under the doctrines of law of the case, *res judicata*, or collateral estoppel, which are inapplicable to this case. To be relevant, evidence must be "of consequence to the determination of the action." Fed. R. Evid. 401. Here, Defendant fails to even make an argument as to why the Judge Burns Order is of "consequence to the determination of [this] action."

## II. THE COURT ORDER IN LEVINE V. BIC USA, INC. IS IRRELEVANT AND IS INTENDED TO PREJUDICE PLAINTIFF AND PLAINTIFF'S COUNSEL

Without any such supporting arguments supporting the relevance of the Judge Burns Order, the only conceivable purpose of including it as Exhibit "3" to the Notice of Removal is an attempt to prejudice the court against Plaintiff and Plaintiff's counsel ("First, Plaintiff's attorney, John H. Donboli, recently attempted to plead around CAFA in a similar class action lawsuit filed in the San Diego Superior Court against BIC USA, Inc."). Notice of Removal, ¶ 8, at p. 3, lines 13-27. There is no legitimate purpose to include the inflammatory reference and exhibit. There is no justification for submitting the Judge Burns Order *in this case* based on his assessment of whether the Court had subject matter jurisdiction *in another case*. Moreover, because Defendant offers no legitimate purpose for these references, it can only appear as an attempt to generate prejudice and is indicative of bad faith.

## III. THE COURT ORDER IN LEVINE V. BIC USA, INC. CAN NOT PROPERLY BE JUDICIALLY NOTICED

The submission of the Judge Burns Order is essentially a misguided attempt by Defendant to have this Court to take judicial notice of the ruling in the *Levine* case. Analyzed

1  pursuant to Rule 201 of the Federal Rules of Evidence ("Rule 201"), however, Defendant's
2  attempt to introduce the Judge Burns Order would still be improper.  Rule 201 specifically states
3  that the scope of the Rule governs only "judicial notice of adjudicative facts" that "must be one
4  not subject to reasonable dispute in that it is either (1) generally known within the territorial
5  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to
6  sources whose accuracy cannot reasonably be questioned."  The document presented by
7  Defendant as Exhibit "3" *in this case* is neither an adjudicative fact, nor a legislative fact.

8  The Advisory Committee notes of the Rule provides that "[a]djudicative facts are simply
9  the facts of the particular case," whereas legislative facts "are those which have relevance to
10 legal reasoning and the lawmaking process, whether in the formulation of a legal principle or
11 ruling by a judge or court or the enactment of a legislative body."  Legislative facts are
12 "established truths, facts or pronouncements that do not change from case to case but [are
13 applied] universally."  *United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976).  Legislative
14 facts are facts of which courts take particular notice when interpreting a statute or considering
15 whether a congress has acted within its constitutional authority and frequently include requests to
16 take judicial notice of legislative history, including committee reports.  *See Territory of Alaska v.*
17 *American Can Co.*, 358 U.S. 224 (1959).

## IV.   CONCLUSION

19 Therefore, Plaintiff objects to the Judge Burns Order as irrelevant and prejudicial and
20 hereby moves to strike it as well as all references thereto because Plaintiff is not litigating *in this*
21 *case* the remand issues that were applicable and litigated in another case.

22 Dated: November 13, 2007                    Respectfully submitted,

                                              DEL MAR LAW GROUP, LLP


                                              by s/John H. Donboli
                                              JOHN H. DONBOLI
                                              E-mail:  jdonboli@delmarlawgroup.com
                                              JL SEAN SLATTERY
                                              Attorneys for Plaintiff DAVID PAZ, an individual
                                              and on behalf of all others similarly situated