Ellen L. Darling (#149627)
Samantha K. Feld (#222612)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
edarling@swlaw.com
sfeld@swlaw.com

Attorneys for Defendant
PLAYTEX PRODUCTS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYTEX PRODUCTS, INC., a Delaware Corporation, and Does 1 through 100, inclusive<br><br>Defendants. | CASE NO.: 07CV2133 JM (BLM)<br><br>Honorable Jeffrey T. Miller<br>Courtroom 16<br><br>**DEFENDANT PLAYTEX PRODUCTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(6)]**<br><br>[Filed Concurrently With Notice Of Motion and Motion to Dismiss Plaintiff's Complaint; Declaration Of Brenda Liistro In Support of Motion To Dismiss; Declaration of Ellen Darling In Support Of Motion To Dismiss]<br><br>Date:        12/28/07<br>Time:        1:30 p.m.<br>Courtroom:   16<br><br>Date of Removal: 11/07/07<br>Trial Date: None |

553807.3

Case No. 07CV2133 JM (BLM)
PLAYTEX'S MEMORANDUM OF P & A'S FOR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................2
II. FACTUAL BACKGROUND ................................................................................3
III. THIS COURT HAS THE AUTHORITY TO GRANT THIS MOTION TO DISMISS ............................................................................................................4
IV. LEGAL ARGUMENT ...........................................................................................4
    A. Plaintiff's Complaint Fails to State Facts Necessary to Put Playtex on Notice of the Claims Alleged Against It...............................4
    B. Plaintiff Fails to Plead With Sufficient Particularity Under Rule 9(b)..........................................................................................................5
        1. Rule 9(b) Applies to Plaintiff's Complaint as a Whole Because Plaintiff's Claims Against Playtex Are Grounded in Fraud ...........................................................................................6
        2. Plaintiff Fails to Comply With Rule 9(b) ...................................7
    C. Plaintiff Fails to State Claims Under Business & Professions Code Sections 17200, 17500, and 17533.7 ..............................................10
    D. Plaintiff Fails to State a Claim Under the Consumer Legal Remedies Act .......................................................................................12
    E. Plaintiff Fails to Comply With the Notice Requirements of CLRA .....................................................................................................14
    F. Plaintiff Fails to Comply With the Pleading Requirements of CLRA .....................................................................................................15
V. CONCLUSION ....................................................................................................15

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Anderson v. Clow (In re Stat Electrics Sec. Litigation),*
   89 F.3d 1399 (9th Cir. 1996) ...................................................................7

*Balisteri v. Pacifica Police Department,*
   901 F.2d 696 (9th Cir. 1990) ....................................................................4

*Cattie v. Wal-Mart Stores, Inc.,*
   504 F. Supp. 2d 939 (S.D. Cal. 2007), ...................................................13

*Cooper v. Pickett,*
   137 F.3d 616 (9th Cir. 1997) ....................................................................8

*Hanna v. Plummer,*
   380 U.S. 460 (1965) .................................................................................5

*Laster v. T-Mobile USA Inc.,*
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ......................................10, 11, 14

*McKeever v. Block,*
   932 F.2d 795 (9th Cir. 1991) ....................................................................4

*Norberg v. Trilegian Corp. a.k.a. TRL Group,*
   445 F. Supp. 2d 1082 (N.D. Cal. 2006) .................................................8, 9

*Ove v. Gwinn,*
   264 F.3d 817 (9th Cir. 2001) ....................................................................4

*Ross v. Bolton,*
   904 F.2d 819 (2d Cir. 1990) .....................................................................7

*United States v. Smithkline Beecham Clinical Laboratoriess,*
   245 F.3d 1048 (9th Cir. 2001) ..................................................................8

*Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003) ...............................................................5, 7

*Von Grabe v. Spring PCS,*
   312 F. Supp. 2d 1285 (S.D. Cal. 2003) ..............................................10, 14

*Western Mining Council v. Watt,*
   643 F.2d 618 (9th Cir. 1981) ..................................................................12

## STATE CASES

*Caro v. Procter & Gamble Co.,*
   18 Cal. App. 4th 644 (1993) .......................................................10, 11, 13

*Colgan v. Leatherman,*
   135 Cal. App. 663 ....................................................................................5

*Hogya v. Superior Court,*
   75 Cal. App. 3d 1221 (1977) .................................................................12

*Outboard Marine Corp. v. Superior Court,*
   52 Cal. App. 3d 30 (Cal. Ct. App. 1975) ................................................14

# TABLE OF AUTHORITIES
(continued)

**Page**

*Wilens v. TD Waterhouse Group, Inc.,*
  120 Cal. App. 4th 746 (2006) ..................................................................................... 13

## FEDERAL STATUTES

Federal Rules of Civil Procedure 12(b)(6)] .......................................................................... 1
Federal Rules of Civil Procedure 12(b)(6) ....................................................................... 2, 4
Federal Rule of Civil Procedure 8 ....................................................................................... 4
Federal Rules of Civil Procedure 8(a) ............................................................................. 2, 4
Federal Rules of Civil Procedure (a) ................................................................................... 5
Federal Rules of Civil Procedure 9(b) ........................................................... 2, 5, 6, 7, 8, 10

## STATE STATUTES

California Business & Professions Code § 17200 ............................................................... 2
California Business & Professions Code § 17204 ........................................................ 10, 11
California Business & Professions Code § 17500 ............................................................... 2
California Business & Professions Code § 17533.7 ............................................... 2, 5, 9, 11
California Civil Code § 1770 ............................................................................................. 12
California Civil Code § 1770(a) ........................................................................................ 12
California Civil Code § 1780 ............................................................................................. 12
California Civil Code § 1780(a) ........................................................................................ 12
California Civil Code § 1782 ............................................................................................. 14
California Civil Code § 1782(a) .......................................................................................... 2
California Civil Code § 1782(a)(1) .................................................................................... 14
California Civil Code § 1782(a)(2) .................................................................................... 14
California Civil Code § 1780(c) ........................................................................................ 15
California Civil Code § 1781 ............................................................................................. 12

Defendant Playtex Products, Inc. ("Playtex") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

According to the Complaint, Plaintiff asserts claims against Playtex for: (1) Violation of Consumer Legal Remedies Act ("CLRA"), (2) Violation of California Business & Professions Code § 17200 ("UCL"), (3) Violation of California Business & Professions Code § 17500 ("FAL"), and (4) Violation of California Business & Professions Code § 17533.7. Plaintiff alleges in the Complaint that Playtex falsely advertised certain spill-proof cups as "Made in U.S.A." *See,* Complaint, page 2, ¶1. Plaintiff claims he relied on the representation and that he purchased the cups. That is *all* Plaintiff alleges about the cups and his alleged purchase of them.

Plaintiff's Complaint fails to state a claim against Playtex for several reasons. First, Plaintiff's Complaint is completely lacking in factual detail necessary to put Playtex on notice of the claims brought against it, as required by Fed. R. Civ. P. 8(a) and 9(b). Because Plaintiff's Complaint is undeniably "grounded in fraud," Plaintiff must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiff fails to plead any of his claims with "particularity," as required by Rule 9(b). Thus, his Complaint must be dismissed in its entirety. Additionally, Plaintiff's Complaint neither states any facts that establish any "injury in fact" nor pleads that he suffered an injury. Therefore, as pled, he does not have standing to bring a claim under the UCL, FAL, or CLRA, pursuant to section 17204 of the Business and Professions Code and section 1780 of the CLRA. Plaintiff also failed to comply with the notice requirement set forth in section 1782(a) of the California Civil Code because Plaintiff failed to send Playtex written notification of the

particular alleged violation thirty days prior to commencing an action. Plaintiff's CLRA claim further fails because Plaintiff does not comply with section 1780(c) of the California Civil Code which requires that a plaintiff bringing an action under CLRA file an affidavit concurrent with the complaint stating facts showing that the action has been commenced in a county or judicial district described in section 1780 as a proper place for the trial of the action. For all of these reasons, this Motion should be granted.

## II.

## FACTUAL BACKGROUND

Playtex manufactures, among other things, spill-proof cups. Playtex currently manufactures and sells 14 different types of spill-proof cups. *See* Declaration of Brenda Liistro ("Liistro Decl.") ¶2.

Plaintiff David Paz purports to represent all purchasers of spill-proof cups manufactured, distributed, marketed, advertised, and/or sold by Playtex in California with the printed label "Made in U.S.A." *See*, Complaint, page 2, ¶1. Plaintiff alleges that Playtex misrepresents the country of origin on the cups by labeling them "Made in U.S.A." *Id.* Plaintiff vaguely claims he purchased "several Playtex spill-proof cups in San Diego, California in 2007" and that the product was marked "Made in U.S.A." *See*, Complaint, page 4, ¶15. That is all that is referenced in the Complaint with respect to his purchase of these cups. The Complaint does not identify *which* of the various spill-proof cups he allegedly purchased, or where their components were allegedly manufactured. Plaintiff also does not plead that he was injured or state any facts that establish how he was injured by his purchase. In short, Plaintiff has not pled any facts that support his claims. Accordingly, this Court should grant this Motion.

## III.

## THIS COURT HAS THE AUTHORITY
## TO GRANT THIS MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), a court has the authority to grant a motion to dismiss for failure to state a claim upon which relief can be granted when a plaintiff fails to plead a cognizable legal theory, or fails to allege sufficient facts to support a cognizable legal theory. *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here, Plaintiff's claims against Playtex are so conclusory and factually insufficient that they cannot withstand a Rule 12(b)(6) motion. *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir. 2001) ("Conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss.") As discussed below, Plaintiff has not pled the requisite facts and legal elements that would entitle him to any relief against Playtex. Accordingly, Plaintiff's Complaint against Playtex should be dismissed.

## IV.

## LEGAL ARGUMENT

### A. Plaintiff's Complaint Fails to State Facts Necessary to Put Playtex on Notice of the Claims Alleged Against It.

Federal Rule of Civil Procedure 8 requires that a complaint "contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under the "notice pleading" standard embraced by Rule 8, a plaintiff must include "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff fails to plead facts sufficient to put Playtex fairly on notice of any of Plaintiff's claims, or to show that Plaintiff is entitled to any relief. Most notably, Plaintiff fails to state which of the various Playtex cups he allegedly purchased. This information is essential for Playtex to assess the claims alleged against it, and

to prepare its defense. Playtex manufactures and sells 14 types of spill-proof cups. *See*, Liistro Decl. ¶2. To the extent that Plaintiff purchased a cup that contained parts that were entirely or substantially made, manufactured, and produced in the United States,[1] all of Plaintiff's claims fail as a matter of law and his Complaint cannot be amended to cure such a defect. At a minimum, Plaintiff should be required to specify which cup or cups are at issue, which components of his cups were allegedly not made in the United States, when Plaintiff discovered this alleged fact, and how Plaintiff was injured. In short, even under the most general "notice pleading" standard, Plaintiff's Complaint is entirely lacking in factual detail necessary to support any of his causes of action against Playtex.

**B.      Plaintiff Fails to Plead With Sufficient Particularity Under Rule 9(b).**

Beyond meeting the general pleading standards set forth in Fed. R. Civ. P. 8(a), Plaintiff must additionally meet the heightened standard set forth in Fed. R. Civ. P. 9(b).[2] In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Where the plaintiff alleges a "unified course of fraudulent conduct" and relies on that course of conduct as the basis of a claim, the complaint is said to be "grounded in fraud" or to "sound in fraud." *Id.* In such a situation, the pleading as a whole must satisfy the particularity requirement of 9(b). *Id.* at 1103, 1104.

///

///

---

[1] See Cal. Bus. & Prof. Code § 17533.7; *see also Colgan v. Leatherman*, 135 Cal. App. 663, 668-669 (holding that merchandise has been "substantially made, manufactured, or produced outside the Untied States" where the foreign operation process, or activity employed to create the merchandise is found to be considerable in either amount, value or worth).

[2] Plaintiff's claims are based in California substantive law; Rule 9(b) applies to Plaintiff's claims. *See*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding "It is established law that Rule 9(b)'s particularity requirement applies to state-law causes of action.") *See also, Hanna v. Plummer*, 380 U.S. 460 (1965) (holding that the Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal).

1. **Rule 9(b) Applies to Plaintiff's Complaint as a Whole Because Plaintiff's Claims Against Playtex Are Grounded in Fraud.**

All of Plaintiff's causes of action are based on the same general allegation—that Playtex manufactured and marketed spill-proof cups with the false representation that Playtex's spill-proof cups were "Made in U.S.A." *See,* Complaint at page 3, ¶10-11.

In Plaintiff's Complaint, in his "General Allegations" section, Plaintiff alleges:

> "In addition, Defendants **fraudulently concealed the material facts** at issue by **failing to disclose** to the general public the country of original designation" ... "Consumers and users of these products are particularly vulnerable to these **deceptive and fraudulent practices**" ... "Due to Defendants' **scheme to defraud the market**, members of the general public were **fraudulently induced**." *See*, Complaint, page 3-4 ¶ 12, 13, 14 (emphasis added).

Under Plaintiff's First Cause of Action, Plaintiff alleges:

> "Defendants' violations of the [CLRA] set forth herein were done with **awareness of the fact that the conduct alleged was wrongful** and were motivated solely for increased profit. It is also alleged that on information and belief that Defendants did these acts **knowing the harm that would result** to Plaintiff and that Defendants did these acts notwithstanding that knowledge." *See*, Complaint, page 7, ¶28 (emphasis added).

Under Plaintiff's Second Cause of Action, Plaintiff alleges:

> "...Defendants engaged in activities that constitute **unlawful, unfair, and fraudulent** business practices ... by engaging in

practices that are **<u>immoral, unethical, oppressive, or unscrupulous</u>**..." *See*, Complaint, page 8, ¶33-34 (emphasis added).

In *Vess*, the Court acknowledged that even where a plaintiff does not use the word "fraud" anywhere in his allegations, the averments in the complaint could necessarily describe fraudulent conduct. *Vess*, 317 F.3d at 1108. Here, Plaintiff's entire Complaint is phrased in terms of a unified course of fraudulent conduct, and in fact, Plaintiff consistently phrases his allegations using the word "fraud." Because each of Plaintiff's claims rests upon an allegation of fraud and contain explicit references to fraud, Plaintiff's Complaint and the claims therein are grounded in fraud, and subject to the particularity requirements of Rule 9(b).

### 2. Plaintiff Fails to Comply With Rule 9(b).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) ensures that fraud allegations are "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny they have done anything wrong." *Vess*, 317 F.3d at 1106. Rule 9(b) also serves to "... protect professionals from the harm that comes from being subject to fraud charges." *Vess*, 317 F.3d at 1104, *quoting Anderson v. Clow (In re Stat Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 (9th Cir. 1996). Fraud allegations may damage a defendant's reputation, and thus, Rule 9(b) "safeguards defendant's reputation and goodwill from improvident charges of wrongdoing." *Id.*, *quoting Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990).

In *Vess*, the Plaintiff alleged Defendants acted illegally to increase the sale of the prescription drug Ritalin in violation of CLRA, UCL, and FAL. The Court held that Plaintiff failed to meet the requirements of Rule 9(b) and, thus, dismissed Plaintiff's Complaint where Plaintiff offered "scant specifics as to when or between

whom money changed hands" and failed to "identify any specific misrepresentations or specify when and where they occurred." *Id.* at 1106, 1107. Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.*, quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotations omitted).

Similarly, in another case before the Ninth Circuit, the Court held a broad allegation that defendant changed control numbers on various tests to wrongfully represent the laboratory results did not satisfy Rule 9(b) because the plaintiff did not specify the "types of tests implicated in the alleged fraud, identify the [defendant's] employees who performed the tests, or provide any dates, times or places the tests were conducted." *United States v. Smithkline Beecham Clinical Labs*, 245 F.3d 1048, 1051 (9th Cir. 2001).

Another recent case provides a clear distinction between claims that satisfy Rule 9(b) and claims that do not. In *Norberg v. Trilegian Corp. a.k.a. TRL Group*, 445 F. Supp. 2d. 1082 (N.D. Cal. 2006), consumers alleged they were wrongfully enrolled in one of defendants' membership programs and that the defendant corporations wrongfully debited amounts from their credit or debit card accounts. As to plaintiffs' CLRA claims regarding misrepresentations in advertising under 1770(a)(1), (3), (5) and(9), the Court held that plaintiffs failed to allege any facts to support any harm resulting from defendants' advertising, and that there were no allegations that plaintiff was even aware of any of defendants' advertising. The Court held that plaintiffs failed to satisfy Rule 9(b), and granted defendants' motion to dismiss without leave to amend.

In contrast, the Court in *Norberg* ruled differently as to plaintiffs' claims under section 1770(a)(14) which prohibits representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve. As to this claim, plaintiffs alleged details as to their personal experience with defendants' representatives and the alleged misrepresentations that were made. The complaint

provided approximate dates (including the month and year), the manner in which Norberg discovered she was enrolled in the programs, her interactions with defendants' agents regarding the memberships and the content of defendants' alleged omissions. Thus, the Court held that plaintiffs adequately alleged both the existence of material misrepresentations and their causal relationship to the harm suffered, and thus denied defendants' motion to dismiss.

Here, Plaintiff fails to allege *any* details regarding his claims in this case. First, Plaintiff does not provide any information about his purported purchase of the subject cups, or about the cups themselves. Plaintiff fails to state where he purchased the cups, the approximate dates of purchase, or the manner or time in which Plaintiff discovered the alleged misrepresentation. Playtex manufactures and sells 14 types of infant spill-proof cups. *See*, Liistro Decl. ¶2. Plaintiff fails to state which two cups he purchased. To the extent that Plaintiff purchased a cup that contained parts that were entirely or substantially made, manufactured, and produced in the United States, all of Plaintiff's claims fail as a matter of law and cannot be amended. Cal. Bus. & Prof. Code § 17533.7. At a minimum, Plaintiff should be required to specify which cup or cups are at issue, where they were made and/or which components were not made in the United States, when Plaintiff discovered this alleged fact and how he was injured by it. Without this information, Plaintiff's Complaint fails to plead how Playtex has violated the UCL, FAL, or CLRA.

As in *Norberg*, Plaintiff fails to plead that he saw the "Made in U.S.A." label, where the label appeared, or that he would not have purchased the cups if the alleged "correct" label was on them. In fact, Plaintiff does not plead that he was injured at all by his purchase. This Court has held that where alleged misrepresentations occur in printed form, the particularity requirements of Rule 9(b) can be satisfied by "identifying or attaching representative samples of [misleading] materials." *Von Grabe v. Spring PCS*, 312 F. Supp. 2d 1285, 1306

(S.D. Cal. 2003). Not only does Plaintiff fail to attach a representative sample of the allegedly misleading materials, but he also fails to describe or provide any identifying information as to the "Made in U.S.A." label that he allegedly saw on the cup. Moreover, Plaintiff does not allege that he was injured, or state any facts that support any alleged injury, anywhere in his Complaint.

In short, Plaintiff failed to satisfy the particularity requirements of Fed. R. Civ. P. 9(b). Rule 9(b) was enacted to protect defendants such as Playtex from vague and unsubstantiated allegations of fraud, such as these, which could irreparably damage Playtex's reputation and goodwill absent proper application of Rule 9(b). Accordingly, Playtex's Motion to Dismiss Plaintiff's Complaint should be granted.

### C. Plaintiff Fails to State Claims Under Business & Professions Code Sections 17200, 17500, and 17533.7.

California's Unfair Competition Law, Cal. Bus. & Prof. Code sections 17200 et seq., and False Advertising Law, Cal. Bus. & Prof. Code sections 17500 et seq., were amended via ballot initiative in November 2004, called Proposition 64, to limit standing for a party wishing to bring a private claim under either statute to any person who has (1) suffered an "injury in fact" and (2) "lost money or property as a result of [the alleged] unfair competition." Cal. Bus. & Prof. Code §§ 17204 and 17535. Courts have determined that the language of Proposition 64 imposes a requirement that a private plaintiff has suffered an injury and lost money or property *as a result of* relying upon defendant's statutory violation. *See Laster v. T-Mobile USA Inc.*, 407 F.Supp.2d 1181, 1194 (S.D. Cal. 2005) (emphasis added); *see also Caro v. Procter & Gamble Co.*, 18 Cal.App.4th 644, 668 (1993). Plaintiff does not plead that he suffered any injury or provide facts sufficient to establish any injury in fact under either UCL or FAL, and consequently, has no standing to bring this action.

Plaintiff's Complaint merely alleges: (1) Plaintiff purchased two spill-proof cups in 2007; (2) the product was labeled "Made in U.S.A."; and (3) Plaintiff allegedly relied upon the "Made in U.S.A." label. However, even accepted as true, these conclusory allegations are insufficient to establish an injury in fact. Specifically, Plaintiff fails to plead, among other facts, that he actually saw the label, that he was deceived by it, or that he would have acted differently had the cups had the alleged "correct" label. In fact, Plaintiff does not plead that he was injured by his purchase anywhere in his Complaint.

Proposition 64 requires any private plaintiff suing under these statutes to show he suffered injury in fact and has lost money or property *as a result of* any alleged unfair competition or false advertising. Cal. Bus. & Prof. Code § 17204. The phrase "as a result of" requires that a plaintiff allege defendant's allegedly violative conduct was the cause of Plaintiff's "injury in fact." *See Laster v. T-Mobile USA Inc.*, 407 F.Supp.2d 1181, 1194 (S.D. Cal. 2005); *see also Caro v. Procter & Gamble Co.*, 18 Cal.App.4th 644, 668 (1993). Notwithstanding Plaintiff's statement in the Complaint that he relied on the "Made in U.S.A." label, Plaintiff fails to plead any facts to support this claim or to show how the label caused him injury or what injury he suffered. For example, Plaintiff fails to state which cups he purchased, when he purchased the cups, where the "Made in U.S.A." label appeared and/or whether Plaintiff saw it, or how he determined the cups were allegedly labeled improperly.

Plaintiff did not and cannot plead an "injury in fact" without showing how Playtex violated the UCL and FAL, and how Plaintiff learned of this alleged violation. Section 17533.7 states that a manufacturer may not label a product "Made in U.S.A." when the product or a part thereof has been entirely or substantially made, manufactured, or produced outside of the United States. Cal. Bus. & Prof. Code § 17533.7. Plaintiff does not plead how or when he learned that the cups he purchased allegedly did not meet these standards. Plaintiff also does

not plead what components were made outside the United States or where they were made. Plaintiff's knowledge of Playtex's alleged violation of the UCL and FAL is essential to a claim of injury or damage.

Moreover, Plaintiff does not plead that he would not have purchased the cups, or would have purchased different cups, had the alleged "correct" label been on the cups. At a minimum, Plaintiff is required to make this factual showing. Thus, Plaintiff does not plead any facts that show he lost money or property as a result of the "Made in U.S.A." label, and any inference of such an injury is improper. *See Western Mining Council v. Watt*, 643 F.2d 618, 624-26 (9th Cir. 1981) (stating "the court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.") Consequently, Plaintiff has no standing to assert claims under the UCL and FAL. Accordingly, this Motion to Dismiss should be granted.

### D. Plaintiff Fails to State a Claim Under the Consumer Legal Remedies Act.

The CLRA targets a class of "unfair methods of competition and unfair or deceptive acts or practices" enumerated in Civil Code section 1770. Cal. Civ. Code § 1770(a). It allows a consumer who suffers damages as a result of such unfair or deceptive practices to bring an action either individually or on behalf of other consumers similarly situated. Cal. Civ. Code §§ 1780, 1781. The stated purpose of the Act is "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." *Hogya v. Superior Court*, 75 Cal. App. 3d 1221, 1235 (1977).

Relief under the CLRA is specifically limited to "[a]ny consumer who *suffers any damage* as a result of the use or employment of a proscribed method, act or practice" unlawful under the Act. Cal. Civ. Code § 1780(a) (emphasis added). Because relief under the CLRA is limited to those who suffer damage, causation is a necessary element of proof. *Wilens v. TD Waterhouse Group, Inc.*, 120

Cal.App.4th 746, 754 (2006). Further, California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a *material* misrepresentation. *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007), *citing Caro v. Proctor & Gamble Co.*, 18 Cal.App.4th 644 (1993) (emphasis added).

In *Caro,* Plaintiff alleged defendants had misrepresented its product as "fresh" orange juice, when it was actually from concentrate. *Caro,* 18 Cal.App.4th 644. The Court in *Caro* held that plaintiff cannot show reliance where the misrepresentation is not material. *Id.* at 668. "A misrepresentation of fact is material if it *induced* the plaintiff to *alter his position* to his detriment. Stated in terms of reliance, materiality means that without the misrepresentation, the plaintiff would not have acted as he did." *Id.* (emphasis added). The Court concluded there was no material misrepresentation, and thus, no reliance because plaintiff did not believe the product to be "fresh" when he purchased it.

Similarly, Plaintiff did not plead any facts that show he allegedly relied on the "Made in U.S.A." label. Plaintiff fails to plead any facts showing that the "Made in U.S.A." label was a material misrepresentation or that he would have acted any differently in the absence of the "Made in U.S.A." label. In fact, Plaintiff does not allege that he suffered *any damage*, or state *what damage* he suffered, anywhere in his Complaint. Plaintiff fails to plead when he purchased the Playtex spill-proof cups, where the "Made in U.S.A." label appeared, and/or whether Plaintiff actually saw the label. In addition, Plaintiff fails to plead which of Playtex's numerous cups he allegedly purchased or where they or their components were allegedly manufactured. Without clearly alleging how Playtex violated the CLRA and how Plaintiff learned of this, Plaintiff cannot allege that any alleged misrepresentation was material. Thus, Plaintiff fails to adequately plead reliance under CLRA. Accordingly, Plaintiff's CLRA claim fails for lack of standing, and his Complaint should be dismissed.

E.  **Plaintiff Fails to Comply With the Notice Requirements of CLRA.**

Under California Civil Code Section 1782, a plaintiff bringing a claim for damages under the CLRA must, thirty days or more prior to commencement of an action, notify the person alleged to have violated section 1770 of the *"particular alleged violations"* (emphasis added). Cal. Civ. Code 1782(a)(1). The notice must be in writing and must demand that such person "correct, repair, replace or otherwise rectify" the specific goods alleged to be in violation of section 1770. Cal. Civ. Code. § 1782(a)(2). Failure to provide adequate notice as required by section 1782 necessitates dismissal with prejudice. *Laster*, 407 F.Supp.2d 1181, 1196; *Von Grabe*, 312 F.Supp.2d 1285, 1304.

Plaintiff sent a letter to Playtex on July 24, 2007. *See*, Letter from Del Mar Law Group, attached as Exhibit A to Declaration of Ellen Darling ¶2. Plaintiff's letter merely refers to Playtex's alleged false representation that its spill-proof cups are "Made in U.S.A." The letter names examples of Playtex spill-proof cups but fails to state *which* cups are allegedly in violation of the CLRA, or *which* cups Plaintiff purchased. The purpose of the notice requirement of section 1782 is to give the manufacturer sufficient notice of alleged defects to permit appropriate corrections or replacements. *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40 (Cal. Ct. App. 1975). In fact, the Court in *Outboard Marine* emphasized that the notice requirement of section 1782 is clear and unambiguous, and should be strictly construed. *Id.* at 40-41.

Playtex manufactures 14 different types of spill-proof cups. *See*, Liistro Decl. ¶2. Playtex could not be expected to repair, replace or rectify an alleged violation if the notification letter does not identify *which* product is at issue. Consequently, Plaintiff failed to comply with section 1782. Plaintiff's CLRA claim should be dismissed with prejudice.

F.  **Plaintiff Fails to Comply With the Pleading Requirements of CLRA.**

Under section 1780(c) of the California Civil Code, a plaintiff bringing an

1  action pursuant to section 1770, concurrently with the filing of the complaint, "shall
2  file an affidavit stating facts showing that the action has been commenced in a
3  county or judicial district described in this section as a proper place for the trial of
4  the action." If a plaintiff fails to comply with this section, the court shall, upon its
5  own motion or upon motion of any party, dismiss any such action without
6  prejudice. Cal. Civ. Code. § 1780(c).

Here, Plaintiff failed to attach, or thereafter provide, any affidavit as described in section 1780(c). Accordingly, Plaintiff's CLRA claim must be dismissed.

## V.

## CONCLUSION

For the foregoing reasons, Playtex respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice.

Dated: November 13, 2007                SNELL & WILMER L.L.P.


By://s//Samantha K. Feld
Ellen L. Darling
Samantha K. Feld
Attorneys for Defendant
PLAYTEX PRODUCTS, INC.
email: sfeld@swlaw.com

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On _Nov. 13_, 2007 I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT PLAYTEX PRODUCTS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(B)(6)];**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**DECLARATION OF BRENDA LIISTRO IN SUPPORT OF MOTION TO DISMISS;**
**DECLARATION OF ELLEN DARLING IN SUPPORT OF MOTION TO DISMISS**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| PLAINTIFF COUNSEL | John H. Donboli, Esq.<br>J.L. Sean Slattery, Esq.<br>Del Mar Law Group, LLP<br>322 Eighth Street, Suite 101<br>Del Mar, California 92014<br>858.793.6244<br>858.793.6005, fax |
|---|---|

✓ BY E-FILING: I caused such document to be sent electronically to the court; pursuant to the Southern District of California Electronic Case Filing Administrative Policies and Procedures, Section 2.d., electronic filing constitutes service upon the parties.

✓ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on _Nov. 13_, 2007, at Costa Mesa, California.

_Cheryl Wynn_
Cheryl Wynn

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000