1  JOHN DONBOLI (SBN: 205218)
   jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
4  Del Mar, CA 92014
   Telephone: (858) 793-6244
5  Facsimile: (858) 793-6005

6  Attorneys for Plaintiff: David Paz and all
   others similarly situated

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 DAVID PAZ, an individual and on behalf of all  )  CASE NO. 3:07-cv-2133-JM-BLM
   others similarly situated,                     )
11                                                )  **CLASS ACTION**
                              Plaintiff,          )
12                                                )  **PLAINTIFF'S OPPOSITION TO**
                      vs.                         )  **DEFENDANT'S MOTION TO DISMISS**
13                                                )  **PLAINTIFF'S COMPLAINT**
   PLAYTEX PRODUCTS, INC., a Delaware             )
14 Corporation, and DOES 1 through 100,           )  **[Filed Concurrently with Affidavit of**
   inclusive,                                     )  **Venue]**
15                                                )
                              Defendants.         )  Date:        January 18, 2008
16                                                )  Time:        1:30 p.m.
                                                  )  District Judge: Hon. Jeffrey T. Miller
17                                                )  Room/Floor:  Room 16 / 5th Floor
                                                  )
18                                                )  **[NO ORAL ARGUMENT UNLESS**
                                                  )  **REQUESTED BY THE COURT]**
19                                                )
                                                  )
20                                                )
                                                  )
21 _____)

22      Plaintiff DAVID PAZ ("Plaintiff") respectfully submits this Opposition to Defendant's

23 Motion to Dismiss Plaintiff's Complaint ("Opposition").

24 **I.    SUMMARY OF OPPOSITION**

25      Defendant PLAYTEX PRODUCTS, INC. ("Defendant" or "Playtex") seeks to dismiss

26 the Complaint based on four principle arguments: (1) the Complaint is lacking in sufficient

27 factual detail to put Playtex on notice of the claims brought against it; (2) Plaintiff's cause of

28 action for violation of the California Consumers Legal Remedies Act ("CLRA") is essentially a

1    cause of action "grounded in fraud," which requires Plaintiff to satisfy the pleading requirements

2    of Federal Rule of Civil Procedure ("FRCP"), Rule 9(b); (3) the Complaint lacks a sufficient

3    recitation of an "injury in fact"; and (4) Plaintiff failed to comply with the procedural

4    requirements of the CLRA.[1]

5        In regards to Defendant's argument that Plaintiff's CLRA cause of action is improper

6    because an affidavit was not filed pursuant to Civil Code Section 1780, Plaintiff is

7    contemporaneously filing an Affidavit of Venue that satisfies Playtex's concerns in this regard.

8    **II.    PROCEDURAL BACKGROUND**

9        On or about July 24, 2007, Plaintiff sent his 30 day demand letter (the "CLRA Notice")

10    to Defendant. See Exhibit "A" to the "Declaration of Ellen L. Darling In Support of Defendant

11    Playtex Products, Inc.'s Motion to Dismiss Plaintiff's Complaint." After waiting for more than

12    60 days for a response from Playtex to the CLRA Notice, which was never forthcoming, Plaintiff

13    authorized the filing of a complaint.

14        On or about September 28, 2007, Plaintiff filed a proposed Class Action Complaint

15    ("Complaint") in the Superior Court of California, County of San Diego for damages and

16    injunctive relief against Playtex. See Complaint (Case No. 37-2007-00075921-CU-BT-CTL)

17    attached to "Defendant Playtex Products, Inc.'s Notice of Removal of Civil Action Under 28

18    U.S.C.S. §1441(B) (Diversity)" (hereinafter "Notice of Removal") as Exhibit "1," on file herein.

19    The Complaint asserts three causes of action predicated on violations of California law: (1)

20    Violation of Consumers Legal Remedies Act (California Civil Section 1750 *et seq*.); (2)

21    Violation of California's Unfair Competition Law (California Business & Professions Code

22    Section 17200 *et seq*.); and (3) Violation of California's False "Made In USA" Designation

23    Statute (California Business & Professions Code Section 17533.7). All causes of action arise

24    from Playtex's unlawful claims that its spill proof cups are "Made in the U.S.A." The Motion to

25    Dismiss incorrectly asserts that Plaintiff initiated *four* causes of action against Playtex. See

26
27    [1] To the extent this Court finds Defendant's arguments persuasive, Plaintiff respectfully requests leave to file a "First Amended Complaint" which will sufficiently address all purported technical deficiencies highlighted in the Motion to Dismiss given the liberal requirements of Federal Rule of Civil Procedure, Rule 15(a), which provides
28    that leave to amend "shall be freely given when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

1    Motion to Dismiss, page 2, lines 7-11.

2         On or about October 9, 2007, Playtex was served with a copy of the Summons and

3    Complaint. See Notice of Removal, Page 2, ¶ 2, Lines 5-6, on file herein.

4         On or about November 7, 2007, Defendant filed the Notice of Removal, and the case was

5    assigned to the Hon. Jeffrey T. Miller (Case No. 3:07-cv-2133-JM-BLM).

6    **III.   LEGAL ANALYSIS**

7         **A.   Legal Standard**

8         All allegations of fact in the complaint are assumed to be true and must be considered in

9    a light most favorable to the Plaintiff.  *Parks School of Business, Inc. v. Symington*, 51 F.3d

10   1480, 1484 (9th Cir. 1995).  "It is axiomatic that '[t]he motion to dismiss for failure to state a

11   claim is viewed with disfavor and is rarely granted.'"  *Hall v. City of Santa Barbara,* 833 F.2d

12   1270, 1274 (9th Cir.1986); *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

13   A motion to dismiss pursuant to Rule 12(b)(6) is proper in "extraordinary" cases.  *United States*

14   *v. Redwood City* 640 F.2d 963, 966 (9th Cir. 1981).

15        Material allegations in the Complaint, as well as all <u>reasonable inferences</u> to be drawn

16   from them, must be accepted as true.  *See Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696, 699.

17   Any ambiguities must be resolved in Plaintiff's favor.  *See International Audiotext Network, Inc.*

18   *v. AT&T Co.* (2nd Cir. 1995) 62 F3d 69, 72.

19        **B.   The Complaint Adequately Puts Playtex on Notice of the Claims Alleged**

20             **Against It**

21   The Complaint provides in Paragraphs 10, 15, and 16 as follows:

22             Defendants manufacture and market spill-proof cups that have
23             printed on the product itself and the product packaging that the
             Playtex spill-proof cups are "Made in U.S.A."….
24
             Plaintiff purchased several Playtex spill-proof cups in San Diego,
25             California in 2007.  In each case, the product itself was marked
             with "Made in U.S.A." and Plaintiff actually relied upon the
26             "Made in U.S.A." statement in making his purchasing decision"….

27             "the value of the spill proof cups, which has an average retail price
28             of approximately $6.99."

Complaint, ¶¶ 10, 15, 16.

PLAINTIFF'S <u>OPPOSITION</u> TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 3:07-cv-2133-JM-BLM

1    Read as a whole, these paragraphs sufficiently allege that Playtex's non-U.S.

2    manufactured spill-proof cups, those of which have a retail value of $6.99 and are marked with a

3    "Made in U.S.A." designation, are the products at issue in this Complaint.

4    Playtex also raises *substantive* challenges to the Complaint regarding Plaintiff's failure to

5    file an affidavit of venue in support of the CLRA cause of action.[2]  See discussion, *infra*, at page

6    7.  To properly address Playtex's challenge, Plaintiff is contemporaneously filing with this

7    Opposition an "Affidavit of Venue" that not only addresses the issue of venue, but attached

8    thereto are true and correct copies of images of the Playtex "Insulator" spill-proof cup that is at

9    issue in this litigation.  See Affidavit of Venue, Exhibit "A", on file herein.  The images set forth

10   therein undoubtedly provide Playtex with the adequate "notice" of the claims brought against it.

11   Although most cases hold that a court cannot consider "new" facts alleged in an

12   opposition to a FRCP 12(b)(6) motion to dismiss, there is contrary authority holding that a

13   plaintiff's briefing may always be used "to clarify allegations in her complaint whose meaning is

14   unclear."  *Pegram v. Herdrich* (2000) 530 US 211, 230, fn. 10.  Moreover, even if this Court

15   decides not to consider the facts set forth in the Affidavit of Venue, which is set forth to provide

16   specificity to the allegations in the Complaint, this Court should consider such information in

17   deciding whether to grant leave to amend or to dismiss with or without prejudice.  *See Orion Tire*

18   *Corp. v. Goodyear Tire & Rubber Co., Inc.* (9th Cir. 2001) 268 F3d 1133, 1137.

19   Accordingly, the Motion to Dismiss should be denied in this regard as Playtex has

20   sufficient information to place it on notice of Plaintiff's claims.  Plaintiff also respectfully

21   requests leave to file an amended complaint to the extent the Court finds Defendant's arguments

22   persuasive.

23   **C.     The CLRA Is Not A Cause of Action That is "Grounded in Fraud"**

24   As an initial matter, Rule 9(b) is not strictly applicable to the current action as the CLRA

25   is not a fraud statute.  As noted by the court in *Vess*, "fraud is not an *essential* element of a claim

26   under [Cal. Civil Code § 1770]."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir.

27

28   [2]  It is unclear whether challenging pre-lawsuit filing requirements under California law, such as those raised by Playtex herein, are grounds for a 12(b)(6) motion because the issue is whether such requirements are "substantive" or "procedural" for *Erie* purposes.

1    2003).  The recent decision in *Nordberg v. Trilegiant Corporation a/k/a TRL Group* (N.D. Cal.

2    2006) provides an excellent summary of this standard.  As set forth in *Nordberg*, Rule 9(b) is <u>not</u>

3    strictly applicable to the CLRA because is not a fraud statute.  "To require that plaintiffs prove

4    more than the statute itself requires would undercut the intent of the legislature in creating a

5    remedy separate and apart from common-law fraud.  Relief under the CLRA is available to those

6    consumers who suffer "damage *as a result of* the use or employment by any person of a method,

7    act, or, practice declared to be unlawful under section 1770."  *Id.* at 1097 (citing Cal. Civil Code

8    § 1780(a) (emphasis in original)).

9          In this case, notwithstanding the fact that the Complaint references the word "fraudulent"

10   as a descriptive term for Playtex's action, it is undeniable that Plaintiff does <u>not</u> allege any fraud

11   related cause of action (*e.g.*, intentional misrepresentation, negligent misrepresentation,

12   concealment, deceit, etc.).  Again, to hold otherwise would undercut the intent of the legislature

13   in creating a remedy separate and apart from common-law fraud.

14         Moreover, as fully set forth above, Plaintiff adequately alleges that he relied upon the

15   false "Made in U.S.A." designation to purchase Defendant's spill-proof cup.  To the extent that

16   Playtex requires additional information to place it on notice of the charges leveled against it, then

17   Plaintiff is filing an Affidavit of Venue that adequately provides the specificity regarding which

18   product Plaintiff purchased (the "Insulator" cup with Disney logo), when he purchased it (June

19   or July 2007), and his reliance upon the false designation to make his purchasing decision

20   (alleged in Complaint at ¶ 15 as "Plaintiff actually relied upon the "Made in U.S.A." statement in

21   making his purchasing decision").

22         The Motion to Dismiss should be denied in this regard as the pleading requirements of

23   Rule 9(b) are inapplicable to this case.  Plaintiff also respectfully requests leave to file an

24   amended complaint to the extent the Court finds Defendant's arguments persuasive.

25         **D.      <u>Plaintiff Properly Alleged an Injury In Fact and Reliance</u>**

26         As set forth above, the legal standard at issue herein is that material allegations in the

27   Complaint, as well as all <u>reasonable inferences</u> to be drawn from them, must be accepted as true.

28   *See Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696, 699.  Any ambiguities must be resolved in

1    Plaintiff's favor.  *See International Audiotext Network, Inc. v. AT&T Co.* (2nd Cir. 1995) 62 F3d

2    69, 72.

3        It is undeniable that Plaintiff suffered an injury fact based on a complete review of the

4    Complaint.  The Complaint alleges that Plaintiff "actually relied" upon the false "Made in

5    U.S.A." designation to purchase Defendant's spill proof cups as alleged in Paragraph 15 of the

6    Complaint ["Plaintiff actually relied upon the "Made in U.S.A." statement in making his

7    purchasing decision"].  Plaintiff also alleges damages "according to proof" pursuant to the

8    seminal decision of *Colgan v. Leatherman Tool Group, Inc.* Cal.App.4th 663, 696 (2nd Dist.

9    2006).  Complaint, page 11, lines 14-15.  The issue of damages in a false "Made in USA"

10   designation case, such as this case, was addressed in detailed in *Leatherman* and, in the interests

11   of brevity, an analysis of the damages calculation in cases such as this is set forth in Plaintiff's

12   "Memorandum of Points and Authorities In Support of Plaintiff's Motion to Remand For Lack of

13   Subject Matter Jurisdiction," on file herein.

14       Common sense dictates that by manufacturing, distributing, and selling its spill-proof

15   cups with a false "Made in USA' designation, rather than the truthful "Made in China"

16   designation, Playtex is able to reap the proverbial "ill-gotten gains" due to the significantly lower

17   manufacturing costs associated with Chinese-made goods (as compared to similar U.S

18   manufactured goods).  The difference between these variable products (commonly referred to as

19   the "delta") is the "injury in fact" suffered by Plaintiff and Class Members in this case.

20       Accordingly, the Motion to Dismiss should be denied in this regard because Plaintiff

21   alleged the requisite reliance and "injury in fact." Plaintiff also respectfully requests leave to file

22   an amended complaint to the extent the Court finds Defendant's arguments persuasive.

23       **E.    Plaintiff Adequately Alleged and Maintains the CLRA Cause of Action**

24       As set forth above, the Complaint alleges that Plaintiff "actually relied" upon the false

25   "Made in U.S.A." designation to purchase Defendant's spill proof cups as alleged in Paragraph

26   15 of the Complaint ["Plaintiff actually relied upon the "Made in U.S.A." statement in making

27   his purchasing decision"].  Playtex's technical pleading arguments are more appropriate for

28   fraud-based causes of action, which are not issue in this case.

1    Accordingly, the Motion to Dismiss should be denied in this regard because Plaintiff

2    alleged the requisite reliance and "injury in fact." Plaintiff also respectfully requests leave to file

3    an amended complaint to the extent the Court finds Defendant's arguments persuasive.

4    **F.    Plaintiff Complied With the CLRA Notice and Pleading Requirements**

5    Defendant challenges Plaintiff's CLRA cause of action based on the claim that the

6    CLRA Notice lacked specificity, which necessitates dismissal of this cause of action.  Defendant

7    also claims that the failure to provide an affidavit of "facts showing that the action has been

8    commenced in a county or judicial district described in this section" is similarly a fatal defect.

9    Defendant is incorrect in both regards.

10    **1.    Plaintiff Provided an Affidavit of Venue**

11    As an initial matter, Plaintiff is contemporaneously filing an "Affidavit of Venue" with

12    this Opposition that addresses the venue issue.  Plaintiff declares therein that "[t]he transactions

13    that form the basis of this action (i.e., my purchase of the Playtex "Insulator" spill proof cup)

14    occurred in San Diego County…To the best of my recollection, the transactions at issue herein

15    occurred in either June or July of 2007."  Affidavit of Venue, ¶ 2, on file herein.  The "Affidavit

16    of Venue" should effectively cure Playtex's concerns in this regard.

17    This issue was recently addressed in *Hoey v. Sony Electronics Inc.* (N.D.Cal. 2007) 515

18    F.Supp.2d 1099.  As in this case, the defendant in the *Hoey* case ("Sony") set forth a procedural

19    challenge to the plaintiffs' CLRA claims, arguing that plaintiffs had failed to file a venue

20    affidavit as required by Cal. Civil Code § 1780(c).  The *Hoey* plaintiffs submitted the affidavit of

21    plaintiff Irene Hoey along with the opposition to the motion to dismiss and the Court ultimately

22    ruled that the plaintiffs complied with the affidavit requirement set forth in Section 1780(c).  *Id.*

23    at 1105.  The Motion to Dismiss should be denied in this regard as Plaintiff satisfies the

24    requirements of Section 1780(c) by submitting the "Affidavit of Venue."

25    **2.    The CLRA Notice Adequately Provided Notice of the Alleged**

26    **Violations of California Law to Playtex**

27    Playtex's argument that the CLRA Notice is defective is based on an overly narrow

28    interpretation of California law.  California Civil Code § 1782(a)(1) provides, *inter alia*, that the

1    consumer shall "[n]otify the person alleged to have employed or committed methods, acts, or

2    practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770."

3        This is exactly what Plaintiff did in this matter.  The July 24, 2007 correspondence to

4    Playtex adequately provides the requisite notice that Playtex's spill-proof cups containing a

5    "Made in U.S.A." designation is violative of California law and that Playtex must otherwise

6    correct, repair, replace and/or rectify the violation(s) of California law.  Notwithstanding the

7    assertion that Playtex manufacturers 14 different types of spill-proof cups, Playtex was

8    sufficiently advised of its improper use of the "Made in U.S.A." designation on its spill-proof

9    cups for sale in California.

10        The CLRA Notice also references specific cups by brand names for Playtex's reference:

11    "Our office was recently retained by Mr. David Paz regarding Playtex's false representation that

12    its spill-proof cups (e.g., Sipster, Insulator, Insulator Sport Straw Cup, etc.) are "Made in U.S.A."

13    and/or "Made in the U.S.A."  See CLRA Notice, page 1.

14        Accordingly, the Motion to Dismiss should be denied in this regard.

15    **IV.**    **<u>CONCLUSION</u>**

16        Based upon the reasons set forth above, Plaintiff respectfully requests that this Court

17    deny Defendant's Motion to Dismiss.  Alternatively, Plaintiff requests leave to file an amended

18    complaint to address the technical pleading issues raised in the Motion to Dismiss to the extent

19    the Court finds Playtex's arguments persuasive.

20    Dated: January 4, 2008                      Respectfully submitted,

21                                    DEL MAR LAW GROUP, LLP

22

23                           By: <u>*s/John H. Donboli*</u>

24                              JOHN H. DONBOLI
                          E-mail:  jdonboli@delmarlawgroup.com

25                              JL SEAN SLATTERY
                          E-mail:  sslattery@ delmarlawgroup.com

26                              Attorneys for Plaintiff DAVID PAZ, an individual
                          and on behalf of all others similarly situated

27

28

PLAINTIFF'S <u>OPPOSITION</u> TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 3:07-cv-2133-JM-BLM