1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DAVID PAZ, | CASE NO. 07cv2133 JM(BLM) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| vs. | |
| PLAYTEX PRODUCTS, INC., | |
| Defendant. | |

Plaintiff David Paz, on behalf of himself and others similarly situated, moves to remand this action to state court for lack of subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Defendant Playtex Products, Inc. opposes the motion. Neither party requests oral argument and, pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the motion to remand is granted.

## BACKGROUND

On September 28, 2007 Plaintiff filed the present class action consumer complaint in San Diego Superior Court alleging that Defendant "manufactured, marketed, advertised, and/or sold a variety of spill-proof cups to the general public with the false designation and representation that Playtex's spill-proof cups were 'Made in U.S.A.'" (Compl. ¶1). Plaintiff alleges that the "Made in U.S.A." designation is false and misleading because the cups "are entirely or substantially made, manufactured or

1  produced outside of the Untied States and/or utilize foreign made components in
2  violation of California law." Id. Based upon this generally described conduct, Plaintiff
3  alleges three state law claims for relief: (1) violation of Consumers Legal Remedies
4  Act ("CLRA"), (2) violation of Business & Professions Code §17200 et seq., and (3)
5  violation of Business & Professions §17533.7 (false "made in USA" claim). Plaintiff
6  alleges that the "amount in controversy as to all Class Members, inclusive of attorneys'
7  fees and costs, injunctive relief (to the extent it can be valued), prejudgment interest,
8  and punitive damages does not exceed $4,999,000." (Compl. ¶16).

9  On November 7, 2007 Defendant filed a Notice of Removal ("Notice") alleging,
10 among other things, that the amount in controversy exceeds $5,000,000, exclusive of
11 interest and costs. (Notice of removal at p.2:12-13). Defendant alleged in the Notice
12 that the amount in controversy exceeds $5,000,000; and that the proper measure of
13 damages on the restitution claim is about $9,087,000. (Notice ¶9). Defendant reaches
14 this estimated measure of damages by taking the average retail price of the spill-proof
15 cup, $6.99, as alleged by Plaintiffs, multiplied times the total amount of cups sold in
16 California in the previous 12 month period, about 1,300,000. Defendant also asserts
17 that if Plaintiff were to prevail on its injunctive relief claim then it would incur
18 substantial expense in removing all cups from the market place and to repackage and
19 re-distribute each cup with the allegedly "correct" labeling. (Notice ¶10). Defendant
20 asserts that these costs should also be considered in determining the amount in
21 controversy.

22 Plaintiff now moves to remand this action to state court on the ground that
23 Defendant has failed to establish that the amount in controversy exceeds the
24 jurisdictional minimum of $5,000,000.

## DISCUSSION

26 The court addresses Plaintiff's claim that the court lacks subject matter
27 jurisdiction because the amount in controversy falls below CAFA's statutory minimum
28 requirement of $5,000,000. Federal courts are courts of limited jurisdiction. "Without

jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998) (quoting <u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire <u>sua sponte</u> whenever a doubt arises as to [its] existence..." <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977) (citations omitted).

A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Defendant, as the party who invokes federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction. <u>See</u> <u>Gaus v. Miles, Inc.</u> 980 F.2d 564, 566 (9th Cir. 1992); <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545 (5th Cir. 1981). Any doubts regarding removal jurisdiction are construed against Defendant and in favor of remanding the case to state court. <u>See</u> <u>Gaus</u>, 980 F.2d at 566. Even after enactment of CAFA, the burden of demonstrating subject matter jurisdiction at the time the Notice is filed remains with Defendant. <u>See</u> <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 682-83 (9th Cir. 2006) (under CAFA, defendant retains the burden of establishing federal jurisdiction, including the amount in controversy).

Where subject matter jurisdiction is premised upon CAFA, and plaintiff has plead an amount in controversy less than $5,000,000, "the party seeking removal must prove with 'legal certainty' that the amount in controversy is satisfied." <u>Lowdermilk v. U.S. Bank National Assn'n</u>, 479 F.3d 994, 996 (9th Cir. 2007).[1] The Ninth Circuit noted that "a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court," subject only "to a 'good faith' requirement in pleading." <u>Id.</u> at 999. The court is to consider the complaint, Notice,

---

[1] The parties do not dispute that CAFA's minimal diversity and class numerosity requirements are satisfied. The only disputed element concerns the $5,000,000 amount in controversy requirement of 28 U.S.C. §1332(d).

and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," Abrego, 443 F.3d at 682-83, in making this determination.

Here, Plaintiff alleges that the "amount in controversy as to all Class Members, inclusive of attorneys' fees and costs, injunctive relief (to the extent it can be valued), prejudgment interest, and punitive damages does not exceed $4,999,000." (Compl. ¶16).[2] Therefore, looking to "the four corners of the complaint to determine whether the jurisdictional amount is met" Lowdermilk, 499 F.3d at 998, and, absent a showing of bad faith, not raised herein, this allegation is sufficient to place the burden on Playtex to establish to a legal certainty that the amount in controversy exceeds $5,000,000.

Playtex contends there is no basis for the award of any damages but then argues that the value of disgorged profits and restitution would exceed $5,000,000. Playtex submits evidence to show that it sold about 1,300,000 spill-proof cups between November 2006 and October 2007, and that based upon Plaintiff's alleged average retail price of $6.99, the total amount in controversy is about $9,087,000, (Notice ¶9), and over a four year period of time total revenue exceeds $41,940,000. (Oppo at p. 10:8). Playtex also identifies other categories of damages - without specifying any amount of damage - that should be included in determining the amount in controversy: the cost of complying with any injunctive relief ordered by the court, punitive damages, and attorneys' fees. The court concludes that these allegations and evidentiary submissions fail to establish to a legal certainty that the controversy amount exceeds $5,000,000.

As a starting point in the analysis, Playtex fails to identify the applicable measure of damages for Plaintiff's state law claims. While Playtex asserts that total gross retail sales for the cup will be about $9 million per year (about $42 million over four years), there is no showing that this is an appropriate measure of damages for the alleged

---

[2] Plaintiff's position would appear to constitute a judicial admission that the total amount in controversy, inclusive of any recoverable attorney fees and costs, does not exceed $5,000,000 and that such an admission (acting as a bar to recovery beyond $5,000,000) appears to be beneficial to Defendant in that the defense avoids exposure beyond $5,000,000, even though Playtex represents that total damages could theoretically exceed $42 million. (Oppo. at p.10:8).

Consumers Legal Remedies Act and Business & Professions Code violations. Playtex contends that the prayer for restitution somehow, without explanation, necessarily results in the gross sales revenue as the appropriate measure of damages for mislabeling a product "Made in USA."

Plaintiff articulates that Playtex's gross sales revenue is not the proper measure of damages on his claims. For a CLRA award of damages, Plaintiff is entitled to his actual damages consisting of "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction." Civil Code §3343(a). On the CLRA claim, there is no evidence before the court of the value of the spill-proof cup with the "Made in U.S.A." representation contrasted with the value of the spill-proof cup without the "Made in U.S.A." language. Absent further legal and factual arguments, not raised by Playtex, the court cannot fully analyze the measure of damages on the CLRA claim. The proper measure of damages on the Business & Professions Code violations, Plaintiff asserts, is set forth in Colgan v. Leatherman Tool Group, Inc., 135 Cal.App.4th 663 (2006). There, the court rejected the notion that the measure of restitution damages for a false "Made in U.S.A." designation case is the retail cost of the goods or the gross profits earned as a result of the false designation. Id. at 666. The trial court in Colgan established the measure of damages at "25 per cent of the average wholesale unit price per tool per year times the number of units sold per year in California." Id. at 677. The trial court selected the 25% figure "as a reasonable amount, representing the appropriate restitution for the failure of the Class members to receive the full measure of the product the consumer believed he or she was receiving at the time of purchase." Id. The appellate court resoundingly rejected this measure of restitution damages because it was not supported by "substantial evidence," Id. at 700, noting that restitution damages "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence." Id. at 698. The appellate court remanded the

1 action for a further evidentiary showing.

2 Here, Playtex, as the party who has the burden of establishing federal jurisdiction, see Gaus, 980 F.2d at 566, falls short of establishing to a legal certainty that the amount in controversy exceeds $5,000,000.  In light of Playtex's failure to identify legal authorities and a factual record to support its damages assessment, the court resolves all doubts in favor of remand.  Id.

In sum, the motion to remand is granted.[3]  The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: January 10, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

---

[3] The court notes that nothing in this order prevents Playtex from seeking to remove the action at a later time upon a showing of changed circumstances (i.e. a showing of legal certainty that the amount in controversy exceeds $5,000,000).  See Lowermilk, 479 F.3d at 1002-03.